23-7893-cr
*United States v. Nelson*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of June, two thousand twenty-five.

Present:
> GUIDO CALABRESI,
> MICHAEL H. PARK,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                          23-7893-cr

JERMAINE NELSON,

> *Defendant-Appellant.*

---

FOR APPELLEE:                    Alexandra Messiter, Nathan Rehn, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT:         Sarah Baumgartel, Of Counsel, Federal Defenders of New York, Inc., New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Koeltl, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

On February 28, 2023, Jermaine Nelson pleaded guilty to one count of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Before sentencing, Nelson moved to withdraw this plea and dismiss the indictment, arguing that Section 922(g)(1) is unconstitutional in light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). The district court denied that motion and sentenced Nelson principally to 13 months' imprisonment followed by three years of supervised release, which he is currently serving. Nelson appeals, again arguing that Section 922(g)(1) is unconstitutional, both facially and as applied. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

"We review challenges to the constitutionality of federal statutes *de novo*." *United States v. Griffith*, 284 F.3d 338, 345 (2d Cir. 2002). Since Nelson submitted his appeal, this Court has affirmed that "[o]ur holding in [*United States v. Bogle*, 717 F.3d 281, 281-82 (2d Cir. 2013) (affirming that "§ 922(g)(1) is a constitutional restriction on the Second Amendment rights of convicted felons"),] survives *Bruen*." *Zherka v. Bondi*, No. 22-1108, ---F.4th---, 2025 WL 1618440, at *5 (2d Cir. June 9, 2025). We also clarified that Section 922(g)(1) is constitutional even as applied to "non-violent" felons. *Id.* at *22 ("We reject [the] contention that the prohibition on possession of firearms by convicted felons violates the Second Amendment as

2

applied to 'nonviolent' felons."). Accordingly, we affirm Nelson's conviction for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

*    *    *

We have considered the remainder of Nelson's arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3