21-2952
*United States v. Dennis*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of June, two thousand twenty-five.

PRESENT:
  AMALYA L. KEARSE,
  DENNY CHIN,
  RICHARD J. SULLIVAN,
    *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

  *Appellee*,

  v.                                         No. 21-2952

ANDRE DENNIS,

  *Defendant-Appellant*.

_____

For Defendant-Appellant:             ELIZABETH LATIF, Law Offices of Elizabeth A. Latif PLLC, West Hartford, CT.

For Appellee:                      NATASHA FREISMUTH (Sandra S. Glover, *on the brief*), Assistant United States Attorneys, *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Victor A. Bolden, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 22, 2021 judgment of the district court is **AFFIRMED**.

Andre Dennis appeals from a judgment of conviction after trial for one count of possessing with intent to distribute cocaine, cocaine base, heroin, and fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(vi), and one count of unlawfully possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

## I.  Background

In May 2017, Dennis began serving a five-year term of special parole stemming from a Connecticut state narcotics conviction.  As part of his special parole, Dennis agreed to "submit to a search of [his] person, possessions, vehicle, residence, business[,] or other area under [his] control at any time, announced or unannounced, with or without cause, by parole or its agents to verify [his] compliance with the conditions of [his] parole."  *United States v. Dennis*, No. 18-cr-328 (VAB), 2020 WL 1316658, at *2 (D. Conn. Mar. 20, 2020) (internal quotation marks omitted).  Dennis had difficulty complying with the conditions of his parole – he violated his curfew twice, tested positive for cocaine and fentanyl, never obtained a full-time job, and possessed $600 in cash and a chemical agent used to cut cocaine, which were found during an unannounced home visit in September 2018.

On November 29, 2018, Dennis's parole officer, Jennifer Desena, received a phone call informing her that Dennis was selling narcotics and possessed two firearms in the apartment where he resided.  Acting on this tip, Officer Desena conducted a search of his home, which uncovered a handgun, cocaine, cocaine base, fentanyl, and a digital scale, all hidden in a garbage can on the back porch;

marijuana and a digital scale in the living room of his apartment; additional marijuana in Dennis's bedroom; and over $9,000 in cash hidden above the ceiling tiles in Dennis's bedroom.

On September 4, 2019, a federal grand jury returned an indictment charging Dennis with (1) possession with the intent to distribute heroin, cocaine, cocaine base, and fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(vi), (b)(1)(C); (2) possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and (3) possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), (c)(2). Prior to trial, Dennis moved to suppress the evidence obtained during the November 29, 2018 search; he also moved to sever the section 922(g) count or, alternatively, to bifurcate that count at his trial. The district court denied these motions, and the case proceeded to trial, after which the jury returned guilty verdicts on Counts One and Two but acquitted him on Count Three. Dennis was subsequently sentenced to 72 months' imprisonment on Count One and 10 months' imprisonment on Count Two, to be served consecutively for a total of 82 months' imprisonment. Dennis timely appealed his conviction.

4

## II. Motion to Suppress

Dennis first argues that the district court erred in denying his motion to suppress the evidence obtained from Officer Desena's search of his residence. We review the factual findings underlying a district court's denial of a suppression motion for clear error but review the application of law to facts *de novo*. *See United States v. Lewis*, 62 F.4th 733, 740 (2d Cir. 2023).

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. To determine the reasonableness of a search, we "examine the totality of the circumstances" and "balance the degree to which [the search] intrudes upon an individual's privacy with the degree to which it is needed for the promotion of legitimate governmental interests." *United States v. Oliveras*, 96 F.4th 298, 305 (2d Cir. 2024) (internal quotation marks omitted). The Supreme Court has recognized that "[a] [s]tate's operation of a probation system . . . presents 'special needs' beyond normal law enforcement." *Griffin v. Wisconsin*, 483 U.S. 868, 873–74 (1987). As a result, we have held that "a search of a parolee is permissible so long as it is reasonably related to the parole officer's duties." *United States v. Braggs*, 5 F.4th 183, 186–87 (2d Cir. 2021) (internal

5

quotation marks omitted). These duties include "the supervision, rehabilitation, and societal reintegration of the parolee, as well as assuring that the community is not harmed by the parolee's being at large." *Id.* at 187 (alterations accepted and internal quotation marks omitted).

On the record before us, we conclude that the search of Dennis's apartment was reasonably related to his parole officer's duties and thus permissible under the Fourth Amendment. As outlined above, Officer Desena received a tip that Dennis possessed firearms and was selling drugs, in violation of his parole conditions that he "obey all laws" and "not use, or have in [his] possession or control, any illegal drug, narcotic[,] or drug paraphernalia; [or] firearms, ammunition[,] or any other weapon." J. App'x at 358. Although the caller did not provide her name, this tip had indicia of reliability given that the tipster identified herself as Dennis's girlfriend and knew his birthday and the name of his parole officer. Plus, Officer Desena knew that Dennis had previously been found with cutting agents and large quantities of cash, had tested positive for narcotics, and had not obtained full-time employment while on parole. Based on this information, Officer Desena had reason to believe that Dennis was violating the conditions of his parole. *See United States v. Elmore*, 482 F.3d 172, 179 (2d Cir. 2007)

("Even a tip from a completely anonymous informant . . . can form the basis of reasonable suspicion or probable cause if it is sufficiently corroborated."). And "[b]ecause a search undertaken by a parole officer of a parolee to detect parole violations is reasonably related to the parole officer's duties," the search at issue here was "permissible under the Special Needs framework and accordingly comport[ed] with the Fourth Amendment." *Braggs*, 5 F.4th at 188 (internal quotation marks omitted).

### III. Motion to Sever

Dennis next argues that the district court erred in denying his motion to sever Count Two (the felon-in-possession charge) from Counts One and Three on the ground that he would be prejudiced by the jury learning that he was a convicted felon. Federal Rule of Criminal Procedure 14(a) provides that if the joinder of offenses "appears to prejudice a defendant . . . , the court may order separate trials of counts . . . or provide any other relief that justice requires." The Supreme Court has clarified that "Rule 14 does *not* require severance" and instead "leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro v. United States*, 506 U.S. 534, 538–39 (1993) (emphasis added).

7

This is because "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Id.* at 539.

We review a district court's denial of a motion to sever for abuse of discretion and will not overturn such a decision "unless the defendant demonstrates that the failure to sever caused him substantial prejudice in the form of a miscarriage of justice." *United States v. Page*, 657 F.3d 126, 129 (2d Cir. 2011) (internal quotation marks omitted). In other words, "the defendant must show that unfair prejudice resulted from the joinder, not merely that he might have had a better chance for acquittal at a separate trial." *Id.* (internal quotation marks omitted).

We conclude that the district court did not abuse its discretion in denying Dennis's motion to sever or bifurcate. The district court reasonably concluded that the evidence and testimony would substantially overlap among all three counts because they all stemmed from the same search of Dennis's home. Furthermore, the district court took various ameliorative measures to mitigate any possible prejudice to Dennis: It precluded the government from calling multiple parole officers, and it provided a limiting instruction "both before [Officer Desena's] testimony and in the post-trial instructions to the jury that any

8

references to Mr. Dennis's parole status [could] only be considered for the limited purpose of showing why Parole Officer Desena conducted a compliance search at Mr. Dennis's residence." *United States v. Dennis*, No. 18-cr-328 (VAB), 2021 WL 2037952, at *6 (D. Conn. May 21, 2021). Furthermore, the jury learned, via a stipulation, only that Dennis had been convicted of a felony and did not hear any details about the type or nature of his previous conviction. Plus, the district court instructed the jury that it could consider that stipulated evidence only for the limited purpose of proving the first element of the felon-in-possession charge – that Dennis was a convicted felon – and not for any other purpose. For all these reasons, Dennis has failed to carry his "heavy burden" in showing that the district court's refusal to sever or bifurcate his trial substantially prejudiced him. *Page*, 657 F.3d at 129 (internal quotation marks omitted).

## IV. Evidentiary Rulings

Dennis also argues that the district court erred in permitting the government to introduce inadmissible hearsay in the form of (1) Officer Desena's testimony regarding the tip she received, and (2) certain text messages on Dennis's phone that were sent by his drug customers. Again, we disagree.

"We review a district court's evidentiary rulings for abuse of discretion." *United States v. Ho*, 984 F.3d 191, 207 (2d Cir. 2020). "To find such an abuse[,] we must be persuaded that the trial judge ruled in an arbitrary and irrational fashion." *Id.* (internal quotation marks omitted). But when a defendant fails to object to an evidentiary ruling, "our review is limited to plain error." *United States v. Felder*, 993 F.3d 57, 77 (2d Cir. 2021); *see also United States v. Moore*, 975 F.3d 84, 90 (2d Cir. 2020) (explaining that a plain error is "clear or obvious," "affected the appellant's substantial rights," and "seriously affects the fairness, integrity, or public reputation of judicial proceedings" (internal quotation marks omitted)).

Under Federal Rule of Evidence 801, hearsay is an out-of-court statement that "a party offers in evidence *to prove the truth of the matter asserted* in the statement." Fed. R. Evid. 801(c) (emphasis added). But "[i]f the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay." Fed. R. Evid. 801 advisory committee's note. For example, "a statement offered to show its effect on the listener is not hearsay." *United States v. Dupree*, 706 F.3d 131, 136 (2d Cir. 2013). Likewise, out-of-court statements "admitted as background" "to show the circumstances surrounding . . . events" or to explain "the understanding or

10

intent with which certain acts were performed" are not hearsay either. *Ho*, 984 F.3d at 208 (internal quotation marks omitted). Of course, a court may still exclude non-hearsay evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403.

*First*, Dennis argues that Officer Desena's testimony regarding the tip was hearsay. But the district court made clear that the testimony was being offered only to show what "Desena decided to do as a result of" the call. J. App'x at 483. Indeed, the district court substantially limited the information the jury was permitted to hear about the call, as it precluded the government from admitting the call itself and permitted Officer Desena to testify only that the caller identified herself as Dennis's girlfriend and that, as a result of the call, Officer Desena believed there were guns and drugs in Dennis's residence. In other words, the evidence was admitted to show the effect on Officer Desena and not for the truth of the matter asserted. *See Dupree*, 706 F.3d at 136. Accordingly, such testimony was not hearsay, and the district court did not err in overruling Dennis's objection.

On appeal, Dennis faults the district court for not balancing any possible prejudice under Rule 403 or giving the jury a limiting instruction immediately following the testimony. But Dennis did not raise any objection under Rule 403,

11

nor did he request a limiting instruction, thus confining our review to plain error. *See Felder*, 993 F.3d at 77. Given all the restrictions that the district court placed on Desena's testimony regarding the tip, we cannot say that the danger of unfair prejudice substantially outweighed the probative value, let alone that the district court plainly erred in admitting the testimony. Moreover, even before counsel had a sidebar discussion regarding Dennis's hearsay objection, the district court instructed the jury that the evidence regarding the tip was going "to come in just as it relates to Ms. Desena's state of mind" and "what the [caller] may have said is not evidence." J. App'x at 483. We cannot say that the district court plainly erred by failing to repeat this same instruction a few minutes later after the sidebar discussion concluded.

*Second*, Dennis argues that the district court erred in admitting text messages that drug customers sent to his phone on the ground that such statements constituted hearsay. But the text messages "were not offered in evidence to prove the truth of the matters asserted," but rather "to provide context for [Dennis's] messages sent in response to them." *United States v. Dupre*, 462 F.3d 131, 137 (2d Cir. 2006). Indeed, Dennis's text messages "would have made little sense to the

12

jury without the admission" of the other messages in the text chain. *Ho*, 984 F.3d at 208.

In response, Dennis asserts that the district court erred in failing to provide a limiting instruction to the jury. But again, Dennis never requested a limiting instruction. And regardless, the government repeatedly made clear to the jury that it was offering the customers' text messages only "to give us some context in terms of what [Dennis's] responses were." J. App'x at 713; *see also id.* at 714–16 (same).

For all these reasons, we cannot say that the district court abused its discretion in admitting Officer Desena's testimony regarding the tip or the text messages of Dennis's drug customers.

## V. Constitutionality of Section 922(g)(1)

Finally, Dennis contends that in light of the Supreme Court's ruling in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), section 922(g)(1) should be held unconstitutional as applied to his conduct. But the parties both agree that Dennis never raised this argument before the district court, so our review is confined to plain error. *See United States v. Napout*, 963 F.3d 163, 183 (2d Cir. 2020).

We previously upheld the constitutionality of section 922(g)(1) against a facial challenge in *United States v. Bogle*, 717 F.3d 281, 281–82 (2d Cir. 2013). More recently, we confirmed that our holding in *Bogle* remains good law after *Bruen*. *See Zherka v. Bondi*, No. 22-1108, 2025 WL 1618440, at \*5 (2d Cir. June 9, 2025). Indeed, we rejected the precise argument that Dennis makes here – that there is no historical tradition of disarming felons – in *Zherka*, which was another as-applied challenge to section 922(g)(1). We explained that "before, during, and shortly after the Founding, legislative bodies regulated firearms by prohibiting their possession by categories of persons perceived to be dangerous," which were considered lawful regulations. *Id.* at \*16. This history persisted after the adoption of the Fourteenth Amendment. *See id.* Accordingly, we held that Congress has "a legislative power, consistent with the Second Amendment, to disarm categories of persons presumed to be dangerous," including felons like Dennis. *Id.* at \*18. As a result, we cannot say that Dennis's conviction for violating section 922(g)(1) was erroneous, let alone plainly erroneous.

\*   \*   \*

We have considered Dennis's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court