*United States v. Sabree*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of August, two thousand twenty-five.

PRESENT:
> AMALYA L. KEARSE,
> RICHARD J. SULLIVAN,
> BETH ROBINSON,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

      *Appellee*,

      v.                            No. 23-7218

ALI SABREE,

      *Defendant-Appellant*.

---

| For Defendant-Appellant: | Andrew G. Patel, White Plains, NY. |
|---|---|
| For Appellee: | Ryan Wolfe Allison, Nathan Rehn, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Vincent L. Briccetti, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 20, 2023 judgment of the district court is **AFFIRMED**.

Ali Sabree appeals from a judgment of conviction following his guilty plea to one count of unlawfully possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

On June 25, 2022, Sabree – who had previously been convicted of two felonies – was arrested by the Yonkers Police Department ("YPD") after he pulled a gun on his son's grandmother, who was picking up the child from Sabree's home. After searching Sabree's home pursuant to a search warrant, YPD recovered a small handgun, which had six live rounds of ammunition and was

2

subsequently identified as the firearm that Sabree had brandished at the victim. On July 26, 2022, a grand jury in the Southern District of New York returned an indictment, charging Sabree with one count of possessing a firearm as a convicted felon, in violation of section 922(g)(1), and on April 3, 2023, he pleaded guilty to that charge. Sabree then filed a motion to dismiss the indictment, arguing that section 922(g)(1) is facially unconstitutional. The district court denied that motion and sentenced Sabree to thirty months' imprisonment, to be followed by three years' supervised release. Sabree timely appealed.

Sabree's sole argument on appeal is that the district court erred in denying his motion to dismiss the indictment because section 922(g)(1) is facially unconstitutional in light of the Supreme Court's ruling in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). We review *de novo* the legal conclusions underlying a district court's denial of a motion to dismiss an indictment. *See United States v. Vilar*, 729 F.3d 62, 79 (2d Cir. 2013).

We previously upheld the constitutionality of section 922(g)(1) against a facial challenge in *United States v. Bogle*, 717 F.3d 281, 281–82 (2d Cir. 2013). More recently, we confirmed that our holding in *Bogle* remains good law after *Bruen*. *See Zherka v. Bondi*, 140 F.4th 68, 75 (2d Cir. 2025). Indeed, we rejected the precise

3

argument that Sabree makes here in *Zherka*, which was another challenge to section 922(g)(1). We explained that "before, during, and shortly after the Founding, legislative bodies regulated firearms by prohibiting their possession by categories of persons perceived to be dangerous," which were considered lawful regulations. *Id.* at 88. This history persisted after the adoption of the Fourteenth Amendment. *See id.* For these reasons, we held that Congress has "a legislative power, consistent with the Second Amendment, to disarm categories of persons presumed to be dangerous," including felons like Sabree. *Id.* at 90. As a result, the district court did not err in denying Sabree's motion to dismiss the indictment.

\* \* \*

We have considered Sabree's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4