23-6177-cr
*United States v. Paul Williams, Jr.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of August, two thousand twenty-five.

PRESENT:     JOHN M. WALKER, JR.,
             DENNIS JACOBS,
             SARAH A. L. MERRIAM,
                  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

    *Appellee*,

       v.                                                          23-6177-cr

PAUL WILLIAMS, JR.,

    *Defendant-Appellant*.

_____

FOR APPELLEE:                    JOSHUA ROTHENBERG, Assistant United States Attorney, *for* John A. Sarcone, III, Acting United States Attorney for the Northern District of New York, Syracuse, NY.

FOR DEFENDANT-APPELLANT:      STEPHEN V. MANNING, Spears Manning & Martini LLC, Southport, CT.

Appeal from a February 14, 2023, judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION,** the judgment of the District Court is **AFFIRMED.**

On August 9, 2022, defendant-appellant Paul Williams, Jr., pled guilty to one count of possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).[1] The District Court sentenced Williams to a twelve-month-and-one-day term of imprisonment, followed by a three-year term of supervised release. On appeal, Williams argues for the first time that § 922(g)(1) is unconstitutional, both facially and as applied to him, in light of the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022).[2] We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

---

[1] The Pre-Sentence Report indicates that Williams had several prior felony convictions, including a 2014 conviction for Possession of a Controlled Substance in the Fifth Degree, in violation of N.Y. Penal Law § 220.06(5), and 2003 convictions for Sale of a Controlled Substance in the Third Degree, in violation of N.Y. Penal Law § 220.39(1), and Assault in the Second Degree, in violation of N.Y. Penal Law § 120.05(3). He served more than five years in prison on the 2003 convictions.

[2] In the briefing and at oral argument, the parties disputed whether Williams asserted a facial or as-applied challenge to § 922(g)(1), or both. For avoidance of doubt, we address both possible constitutional challenges to the statute.

Because Williams did not challenge the constitutionality of § 922(g)(1) in the District Court, we review only for plain error. *See United States v. Le*, 902 F.3d 104, 109 (2d Cir. 2018). We find no such error here. This Court has recently affirmed that the holding of *United States v. Bogle*, 717 F.3d 281 (2d Cir. 2013), that "[§] 922(g)(1) is a constitutional restriction on the Second Amendment rights of convicted felons," survives *Bruen*. *Zherka v. Bondi*, 140 F.4th 68, 74-75 (2d Cir. 2025) (citation and quotation marks omitted).[3] We therefore reject Williams's challenge to the facial constitutionality of § 922(g)(1).

To the extent Williams brings an as-applied challenge, it likewise fails. Williams contends that his possession of "ammunition in his home was for self-defense and central to the rights afforded him by the Second Amendment." Appellant's Br. at 22. Section 922(g)(1) makes it illegal for a convicted felon to "'possess in or affecting commerce, any firearm *or ammunition*,' including *for self-defense inside . . . the home*." *Zherka*, 140 F.4th at 76 (emphases added) (quoting 18 U.S.C. § 922(g)(1)). In *Zherka*, we acknowledged that in so doing, the statute "clearly covers conduct that the Second Amendment presumptively protects." *Id.* But we upheld the statute's constitutionality, concluding that § 922(g)(1) is "an appropriate exercise of [Congress's] longstanding power to disarm dangerous categories of persons," including a convicted felon, like Williams. *Id.* at 91. As Williams recognizes, that holding is controlling here.

---

[3] We permitted the parties to file supplemental letter briefs addressing the impact of the *Zherka* decision on this appeal. In those briefs, the parties agree that *Zherka*, which is binding on this panel, forecloses Williams's challenges to § 922(g)(1). *See* ECF No. 69.1 at 2-3; ECF No. 70.1 at 2.

We have considered the parties' remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** Williams's conviction for possessing ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court