24-2723-cr
United States v. Reyes

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of September, two thousand twenty-five.

PRESENT: RAYMOND J. LOHIER, JR.,
WILLIAM J. NARDINI,
MARIA ARAÚJO KAHN,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                No. 24-2723-cr

LENNY REYES,

*Defendant-Appellant*.

------------------------------------------------------------------

FOR APPELLANT:                          SIOBHAN C. ATKINS, Federal
                                        Defenders of New York, Inc.
                                        Appeals Bureau, New York,
                                        NY

FOR APPELLEE:                           HENRY L. ROSS (Stephanie
                                        Simon, *on the brief*), Assistant
                                        United States Attorneys, *for* Jay
                                        Clayton, United States
                                        Attorney for the Southern
                                        District of New York, New
                                        York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Jennifer H. Rearden, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant-Appellant Lenny Reyes appeals from an October 10, 2024 judgment of the United States District Court for the Southern District of New York (Rearden, *J.*) convicting him of one count of unlawful possession of ammunition after a prior felony conviction, in violation of 18 U.S.C. § 922(g)(1), and sentencing him principally to a term of imprisonment of 121 months. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

2

## I.  Constitutionality of 18 U.S.C. § 922(g)(1)

Reyes raises both facial and as-applied challenges to the constitutionality of § 922(g)(1), citing *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024).  First, he maintains that *Bruen* abrogated our decision in *United States v. Bogle*, 717 F.3d 281 (2d Cir. 2013), which upheld § 922(g)(1) against a facial challenge.  Our decision in *Zherka v. Bondi*, 140 F.4th 68 (2d Cir. 2025), forecloses this argument.  There we clarified that "*Bogle*'s rejection of a facial challenge to [§ 922(g)(1)] remains good law in this Circuit."  *Id.* at 75.  And Reyes's as-applied challenge fares no better; in *Zherka*, we categorically rejected the argument, reprised here, that "the prohibition of firearms by convicted [nonviolent] felons violates the Second Amendment."  *Id.* at 96.

## II.  U.S.S.G. § 2A2.1(a)(1)

Reyes next challenges the District Court's application of a sentencing enhancement under § 2A2.1(a)(1) of the United States Sentencing Guidelines based on its finding that Reyes attempted to commit "first degree murder under 18 U.S.C. [§] 1111," which defines first degree murder as a "[w]illful, deliberate, malicious, and premeditated killing."  App'x 168.  We review a district court's

application of the Sentencing Guidelines using an "'either/or approach,' adopting a *de novo* standard of review when the district court's determination was primarily legal in nature, and adopting a 'clear error' approach when the determination was primarily factual." *United States v. Helm*, 58 F.4th 75, 88 (2d Cir. 2023) (quoting *United States v. Gotti*, 459 F.3d 296, 349 (2d Cir. 2006)); *see United States v. Norman*, 776 F.3d 67, 76 (2d Cir. 2015).[1]

As an initial matter, Reyes attacks the District Court's finding that he acted with specific intent to kill, pointing out that he fired only one shot. We are not persuaded. As the District Court explained, Reyes "scoped out his intended victims before the shooting," wore a ski mask during the confrontation, and raised a gun and shot toward a person diving for cover behind a car. App'x 169. The District Court also found that Reyes had a "clear motive to kill his targets," whom Reyes admitted he suspected of murdering his brother. App'x 172. As the Government points out, the District Court also found that "after firing" the first shot, Reyes "stepped closer and attempted to fire a second shot at

---

[1] Reyes urges us to review *de novo* the District Court's finding that he acted with specific intent. We decline to do so and instead apply clear error review. Whether a defendant acted with specific intent is largely a question of fact, even when the parties assert that "there is no dispute about the relevant facts." *Gotti*, 459 F.3d at 349 (quotation marks omitted).

Individual-1 at pointblank range." App'x 171. On appeal, Reyes responds that his failure actually to fire a second shot demonstrates that he did not have a specific intent to kill. But Reyes's failure to shoot twice—whether attributable to a gun malfunction (as the Government claims), operator error, or deliberate restraint—does not render the District Court's finding clearly erroneous. It is clear to us that the District Court considered the totality of the evidence and simply reached the opposite finding. Its choice between "two permissible views of the evidence . . . cannot be clearly erroneous." *Norman*, 776 F.3d at 76 (quotation marks omitted).

Second, Reyes contends that the District Court should have found that passion, not malice, provoked his violent act when he spotted his brother's alleged killers. Although the argument has force (think Orestes in Aeschylus's *The Oresteia*), we are again not persuaded. While it's true that a defendant sufficiently provoked may act without malice, *see United States v. Velazquez*, 246 F.3d 204, 212–13 (2d Cir. 2001), the District Court had a basis in the record to find that Reyes acted with vengeful deliberation. Among other things, the District Court found, Reyes "traveled to the area . . . after being told" his brother's alleged killers were there, "walked by and scoped out his intended victims," and

"armed himself and wore a ski mask" before "return[ing] to the area," all in a deliberate act to "avenge his brother's murder." App'x 169, 170, 172. In other words, the shooting (depicted in a video that we have reviewed) followed Reyes's multiple preparatory steps. The District Court's finding that Reyes acted deliberately is therefore not clearly erroneous.

We have considered Reyes's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court