11-349-cr
United States v. Bogle

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2012

(Argued: February 6, 2013     Decided: May 23, 2013)

Docket No. 11-349-cr

UNITED STATES OF AMERICA,

*Appellee*,

— v. —

GARY BOGLE,

*Defendant-Appellant.*

B e f o r e:

WALKER, KATZMANN, and LYNCH, *Circuit Judges.*

Defendant Gary Bogle challenges his conviction for possessing a firearm and body armor as a convicted felon, arguing that 18 U.S.C. § 922(g)(1) violates his Second Amendment right to keep and bear arms. We hold that § 922(g)(1) does not violate Bogle's Second Amendment rights, and AFFIRM his conviction.

1

NICHOLAS J. PINTO, New York, New York, *for Defendant-Appellant*.

TODD KAMINSKY, Assistant United States Attorney (Jo Ann M. Navickas and Tali Farhadian, Assistant United States Attorneys, *on the brief*), *for* Loretta E. Lynch, United States Attorney, Eastern District of New York, Brooklyn, New York, *for Appellee*.

PER CURIAM:

Gary Bogle appeals his conviction for possessing a firearm and body armor as a convicted felon. The relevant facts are set forth in the summary order disposing of the majority of Bogle's arguments. We write only to address whether 18 U.S.C. § 922(g)(1) violates the Second Amendment, an issue that we have not yet decided by precedential opinion.

Bogle argues that § 922(g)(1), which makes it unlawful for a convicted felon to possess a firearm in or affecting interstate commerce, violates his Second Amendment right to keep and bear arms. Bogle relies on recent Supreme Court opinions developing a more expansive interpretation of the Amendment. But in both of these opinions, the Supreme Court clearly emphasized that recent developments in Second Amendment jurisprudence should not "be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008); *see also McDonald v. City of Chicago*, 130 S. Ct. 3020, 3047 (2010) ("We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as prohibitions on the possession of firearms by felons . . . . We repeat those

2

assurances here." (citation and internal quotation marks omitted)).  We therefore join

every other circuit to consider the issue in affirming that § 922(g)(1) is a constitutional

restriction on the Second Amendment rights of convicted felons.[1]

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[1] *See United States v. Moore*, 666 F.3d 313, 318-19 (4th Cir. 2012); *United States v. Barton*, 633 F.3d 168, 175 (3d Cir. 2011); *United States v. Joos*, 638 F.3d 581, 586 (8th Cir. 2011); *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010); *United States v. Williams*, 616 F.3d 685, 693-94 (7th Cir. 2010); *United States v. Vongxay*, 594 F.3d 1111, 1115 (9th Cir. 2010); *United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010); *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009); *United States v. Anderson*, 559 F.3d 348, 352 (5th Cir. 2009).