23-7026
*United States v. Disla*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of February, two thousand twenty-five.

PRESENT:

> DENNY CHIN,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*
> MARK A. BARNETT,
> *Judge.*[*]

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                            No. 23-7026

_____

[*]  Chief Judge Mark A. Barnett, of the United States Court of International Trade, sitting by designation.

THOMAS DISLA, AKA Sealed Defendant 1,

*Defendant-Appellant.*

_____

| | |
|---|---|
| **For Defendant-Appellant:** | Yuanchung Lee, Assistant Federal Defender, Federal Defenders of New York, New York, NY. |
| **For Appellee:** | Adam Sowlati, Nathan Rehn, Assistant United States Attorneys, *for* Matthew Podolsky, Acting United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Lewis J. Liman, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 28, 2023 judgment of the district court is **AFFIRMED**.

Thomas Disla appeals from a judgment of conviction following his guilty plea to possessing ammunition as a felon in violation of 18 U.S.C. § 922(g)(1) during a twelve-hour spree in which he shot at an individual's upper leg, a moving vehicle, and the ceiling of a crowded bar, after pistol-whipping a patron. The district court sentenced Disla to a term of 98 months' imprisonment, to be followed

by three years of supervised release.   We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Disla's sole argument on appeal is that, after the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), his conviction under section 922(g)(1) is constitutionally infirm and must be vacated.   Disla concedes that, because he did not raise this argument below, our review is confined to plain error.   As we have explained, "for an error to be plain, it must, at a minimum, be clear under current law, which means that we typically will not find such error where the operative legal question is unsettled, including where there is no binding precedent from the Supreme Court or this Court."   *United States v. Napout*, 963 F.3d 163, 183 (2d Cir. 2020) (alterations accepted and internal quotation marks omitted).   We upheld the constitutionality of section 922(g)(1) in *United States v. Bogle*, 717 F.3d 281, 281–82 (2d Cir. 2013), and neither *Bruen* nor any other binding precedent has reached a contrary holding.

Because the error asserted by Disla is not "clear under current law," *Napout*, 963 F.3d at 183, we cannot say that his conviction was plainly erroneous.   *See United States v. Brillon*, No. 22-2956, 2024 WL 392949, at *1 (2d Cir. Feb. 2, 2024) (rejecting a post-*Bruen* challenge to the constitutionality of section 922(g)(1) on

plain-error review); *United States v. Ogidi*, No. 23-6325, 2024 WL 2764138, at *1 (2d Cir. May 30, 2024) (same); *United States v. Barnes*, No. 23-6424, 2024 WL 5103316, at *1 (2d Cir. Dec. 13, 2024) (same); *United States v. Caves*, No. 23-6176, 2024 WL 5220649, at *1 (2d Cir. Dec. 26, 2024) (same); *United Sates v. Leiser*, No. 23-6665, 2024 WL 5220689, at *2 (2d Cir. Dec. 26, 2024) (rejecting an as-applied challenge on plain-error review); *United States v. Ruhl*, No. 21-2892, 2025 WL 262309, at *1 (2d Cir. Jan. 22, 2025) (same); *United States v. Hardee*, No. 23-6398, 2025 WL 323339, at *1 (2d Cir. Jan. 29, 2025) (rejecting a facial challenge on plain-error review). Accordingly, we see no reason to disturb Disla's conviction on appeal.

\* \* \*

For these reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4