24-1384-cr
*United States v. Christopher Smith*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of June, two thousand twenty-five.

PRESENT:     GERARD E. LYNCH,
                       SARAH A. L. MERRIAM,
                       MARIA ARAÚJO KAHN,
                             *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

    *Appellee*,

      v.                                                                          24-1384-cr

CHRISTOPHER SMITH,

    *Defendant-Appellant*.

_____

FOR APPELLEE:                          Amanda Caitlin Weingarten, Katherine Cheng,
                                                       Nathan Rehn, Assistant United States Attorneys,
                                                       *for* Danielle R. Sassoon, United States Attorney

for the Southern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT:    Michelle Anderson Barth, Law Office of Michelle Anderson Barth, Burlington, VT.

Appeal from a May 10, 2024, judgment of the United States District Court for the Southern District of New York (Abrams, *J.*).

**UPON DUE CONSIDERATION,** the judgment of the District Court is **AFFIRMED.**

On April 7, 2023, defendant-appellant Christopher Smith pled guilty to three counts of a four-count superseding indictment, including two counts of possession of ammunition by a convicted felon, in violation of 18 U.S.C. §922(g)(1).[1] The District Court sentenced Smith to 96 months of imprisonment on each of the three counts of conviction, to run concurrently, followed by three years of supervised release. On appeal, Smith argues that §922(g)(1) is unconstitutional, both facially and as applied to him, in light of the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

---

[1] Smith was convicted in 2018 of the felony offense of Second Degree Assault with Intent to Cause Physical Injury with a Weapon, in violation of N.Y. Penal Law §120.05(2), for which he was sentenced to one year of imprisonment.

"We review de novo a district court's determination that the application of a law does not violate the Second Amendment." *United States v. Jimenez*, 895 F.3d 228, 232 (2d Cir. 2018).[2] This Court has recently affirmed that the holding of *United States v. Bogle*, 717 F.3d 281 (2d Cir. 2013), that "[§]922(g)(1) is a constitutional restriction on the Second Amendment rights of convicted felons," survives *Bruen*. *Zherka v. Bondi*, No. 22-1108, ---F.4th---, 2025 WL 1618440, at *5 (2d Cir. June 9, 2025) (citation and quotation marks omitted). We therefore reject Smith's challenge to the facial constitutionality of §922(g)(1).

Smith's as-applied challenge likewise fails under our decision in *Zherka*. Smith contends that his predicate felony offense of Second Degree Assault with Intent to Cause Physical Injury with a Weapon – a violent felony offense – is a "Class D felony, . . . nearly the lowest class of felony in the State of New York" and therefore "the government cannot establish a historical tradition supporting lifetime criminalization of Mr. Smith's possession of a firearm or ammunition as required by *Bruen*." Appellant's Br. at 31. But in *Zherka*, we concluded that §922(g)(1) is "an appropriate exercise of [Congress's]

---

[2] The parties assert that plain error review applies; however, Smith himself raised an argument about the constitutionality of §922(g)(1) in the District Court. *See* App'x at 179 ("The 922(g) charge I have, right? I was doing research . . . and they was basically saying that 922(g) is illegal based [on] historical facts of the Second Amendment."). The District Court responded that "obviously that issue is being litigated, but I do not agree that the charges to which you pled guilty are unconstitutional." *Id.* at 180. Smith offered to submit cases he felt were relevant, but the District Court declined. This is sufficient to preclude plain error review.

longstanding power to disarm dangerous categories of persons," including all convicted felons. *Zherka*, 2025 WL 1618440*, at \*18. That holding is controlling here.[3]

We have considered Smith's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** Smith's conviction for possessing ammunition as a convicted felon, in violation of 18 U.S.C. §922(g)(1).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] Smith contends that the appeal waiver in his plea agreement does not bar his constitutional challenges to §922(g)(1), an argument to which the government does not respond. Because we reject Smith's §922(g)(1) challenges on their merits, we need not consider the scope of his appellate waiver.