22-1399-cr
*United States v. Thawney*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand twenty-five.

Present:
> GERARD E. LYNCH,
> MICHAEL H. PARK,
> STEVEN J. MENASHI,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                      22-1399-cr

MELQUAN THAWNEY,

> *Defendant-Appellant.*

---

| | |
|---|---|
| FOR APPELLEE: | SEAN FERN, Amy Busa, Jack Dennehy, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY. |
| FOR DEFENDANT-APPELLANT: | BRIAN A. JACOBS, Morvillo Abramowitz Grand Iason & Anello P.C., New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** and the government's motion to dismiss the appeal is **DENIED** as moot.

On June 2, 2021, Melquan Thawney pleaded guilty pursuant to a plea agreement to one count of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Thawney requested that the change-of-plea hearing occur remotely, and his plea agreement waived his right to appeal "the conviction or sentence in the event that the Court imposes a term of imprisonment of 57 months or below." App'x at 53. The district court sentenced Thawney to 51 months' imprisonment. Thawney appeals, arguing that his plea is invalid because his hearing was conducted telephonically and that Section 922(g)(1) is unconstitutional. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.      Plea

Thawney's appeal waiver does not bar his challenge to the plea proceeding itself. *See United States v. Lloyd*, 901 F.3d 111, 118 (2d Cir. 2018) ("An appeal waiver included in a plea agreement does not bar challenges to the process leading to the plea."). Thawney argues that the district court violated the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") because it "failed to provide any specific reasons as to why the plea cannot be further delayed without serious harm to the interests of justice." Appellant's Br. at 32 (quotation marks omitted).

2

The CARES Act "created a statutory exception to the physical-presence requirement under Rule 43 and Rule 53 . . . . It authorizes a district court to conduct a felony sentencing hearing by videoconference" under certain conditions. *United States v. Leroux*, 36 F.4th 115, 120 (2d Cir. 2022) (quotation marks omitted). The statute further provides that plea proceedings may be conducted "by telephone conference if video teleconferencing is not reasonably available." CARES Act, Pub. L. No. 116-136, § 15002(b)(2)(A), 134 Stat. 281, 529.

Thawney's argument is unavailing for several reasons. First, Thawney requested "to proceed virtually with his change of plea" to avoid "burdensome" quarantine protocols at the Metropolitan Detention Center, App'x at 14, and has therefore waived any challenge to the telephonic nature of his proceeding on appeal, *see United States v. Spruill*, 808 F.3d 585, 596-97 (2d Cir. 2015) (explaining that "[u]nder Fed. R. Crim. P. 52(b), this court has discretion to correct errors that were *forfeited* because [they were] not timely raised in the district court, but no such discretion applies when there has been true *waiver*" and that "waiver can result only from a defendant's intentional decision not to assert a right").

Even if we could review Thawney's challenge to his remote plea proceeding, we would do so only for plain error because he failed to object before the district court. *See Leroux*, 36 F.4th at 121 ("Because Leroux failed to challenge the District Court's findings at the sentencing hearings or otherwise object to proceeding with his sentencing by videoconference, we review for plain error."). "Plain error is (1) error (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Riggi*, 541 F.3d 94, 102 (2d Cir. 2008).

3

The district court did not plainly err by holding a telephonic plea hearing because Thawney fails to show that any error affected his rights or seriously affected the fairness, integrity, or public reputation of judicial proceedings. Thawney does not allege that he could not hear or be heard or that but for the telephonic nature of the proceeding he would not have pleaded guilty. *See United States v. Bazemore*, No. 21-1779, 2023 WL 2591020, at \*2 (2d Cir. Mar. 22, 2023). Rather, he argues that delay would have served the interests of justice because had the district court delayed the plea further, Thawney would have had the benefit of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022).

Even crediting Thawney's argument that the district court should have conducted a more specific inquiry, the district court could simply have required an in-person hearing rather than delay the hearing. And even if the district court had delayed Thawney's hearing until *Bruen*, as we explain below, that decision does not affect the constitutionality of his statute of conviction. Thawney has thus failed to show plain error in the telephonic conduct of his plea hearing. *See Jones v. United States*, 527 U.S. 373, 394-95 (1999) ("Where the effect of an alleged error is so uncertain, a defendant cannot meet his burden of showing that the error actually affected his substantial rights.").

## II.    Conviction

"We review challenges to the constitutionality of federal statutes *de novo.*" *United States v. Griffith*, 284 F.3d 338, 345 (2d Cir. 2002).

Thawney argues that his appeal waiver cannot bar his constitutional challenge to 18 U.S.C. § 922(g)(1). We do not address this argument because Thawney's facial challenge fails regardless of the appeal waiver. Since Thawney's appeal, this Court has affirmed that "[o]ur

4

holding in [*United States v. Bogle*, 717 F.3d 281, 281-82 (2d Cir. 2013),] survives *Bruen*." *Zherka v. Bondi*, No. 22-1108, ---F.4th---, 2025 WL 1618440, at *5 (2d Cir. June 9, 2025). We also clarified that Section 922(g)(1) is constitutional even as applied to "non-violent" felons. *Id.* at *22 ("We reject [the] contention that the prohibition on possession of firearms by convicted felons violates the Second Amendment as applied to 'nonviolent' felons."). It is therefore unnecessary for us to decide on which of Thawney's several felony convictions the current conviction was predicated or which if any of those convictions could be characterized as "non-violent." Accordingly, we affirm Thawney's conviction for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

* * *

We have considered the remainder of Thawney's arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court and **DENY** the government's motion to dismiss as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5