*United States v. Johnson*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of July, two thousand and twenty-five.

PRESENT: Gerard E. Lynch,
Steven J. Menashi,
Eunice C. Lee,
*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                No. 24-1629

TYRELL JOHNSON,

*Defendant-Appellant.*

_____

*For Appellee*:                          Rebecca T. Dell, Nathan Rehn, Assistant
United States Attorneys, *for* Edward Y. Kim,

Acting United States Attorney for the Southern District of New York, New York, New York.

*For Defendant-Appellant*:  Colleen P. Cassidy, Federal Defenders of New York, Inc., New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Torres, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Tyrell Johnson pleaded guilty to one count of possessing a firearm as a prohibited person. *See* 18 U.S.C. § 922(g)(1). Under § 922(g)(1), Johnson's prior convictions for criminal possession of a firearm made it unlawful for him to possess a gun. After accepting Johnson's plea, the district court sentenced him to 24 months in prison and three years of supervised release.

On appeal, Johnson argues that § 922(g)(1) violates the Second Amendment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Johnson argues that § 922(g)(1)'s restriction on firearm possession by convicted felons is unconstitutional both facially and as applied. Our precedent says otherwise.

We have held that § 922(g)(1) is facially constitutional. *See United States v. Bogle*, 717 F.3d 281, 281-82 (2d Cir. 2013). We have reaffirmed that holding following decisions of the Supreme Court that have altered our analysis of Second Amendment challenges. *See Zherka v. Bondi*, No. 22-1108, 2025 WL 1618440, at *5 (2d Cir. June 9, 2025). Johnson's facial challenge therefore fails.

2

Johnson's as-applied challenge fares no better. Consistent with our nation's historical tradition of firearm regulation, Congress may disarm "dangerous people." *Id.* at *12. Through § 922(g)(1), Congress has identified convicted felons as dangerous, and "[t]here is no historical basis upon which we could declare Section 922(g)(1) unconstitutional because it sweeps too broadly." *Id.* at *19. In any event, Johnson's prior convictions establish that he is dangerous. He threatened to shoot four men after a confrontation, and in a separate incident he fired two shots at an unknown individual after an argument. Johnson's as-applied challenge, therefore, also fails.

We have considered Johnson's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3