23-6640-cr
*United States v. Oquendo*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of August, two thousand twenty-five.

Present:
> EUNICE C. LEE,
> MARIA ARAÚJO KAHN,
> > *Circuit Judges*,
> MARGARET M. GARNETT,
> > *District Judge.*\*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                No. 23-6640-cr

LANDDY RODRIGUEZ, AKA OSO, PEDRO DIAZ, SYLVESTER VANN, AKA BUG,

> *Defendants,*

RAMON OQUENDO, AKA MIMO,

> *Defendant-Appellant.*

---

\* Judge Margaret M. Garnett, of the United States District Court for the Southern District of New York, sitting by designation.

For Appellee:                                   KENNETH L. GRESHAM, Assistant United States Attorney (Conor M. Reardon, Assistant United States Attorney, *on the brief*), *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, CT.

For Defendant-Appellant:          LESLIE A. CAHILL (Brian E. Spears, *on the brief*), Spears Manning & Martini LLC, Southport, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

On March 2, 2023, a jury convicted Ramon Oquendo of five counts: (1) conspiracy to distribute and possession with intent to distribute 40 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vi), and 846; (2) possession with intent to distribute and distribution of 40 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vi); (3) possession with intent to distribute controlled substances, namely cocaine, cocaine base, and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); (4) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (5) possession of ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).   On May 25, 2023, the district court imposed a total effective sentence of ten years of imprisonment, along with five years of supervised release.

On appeal, Oquendo argues that his conviction under § 922(g)(1) is unconstitutional light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and that there was insufficient evidence to convict him of possessing a gun in furtherance of drug trafficking.   We

2

assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

## I.  Constitutionality of Section 922(g)(1)

Because Oquendo did not raise his challenge to the constitutionality of § 922(g)(1) below, we review it for plain error. *See United States v. Napout*, 963 F.3d 163, 182–83 (2d Cir. 2020). However, regardless of the standard of review, our precedent forecloses his challenge.

Prior to the Supreme Court's decision in *Bruen*, we upheld § 922(g)(1) as facially constitutional. *See United States v. Bogle*, 717 F.3d 281, 281–82 (2d Cir. 2013) (per curiam). More recently, we held that "*Bogle* survives *Bruen*." *Zherka v. Bondi*, 140 F.4th 68, 75 (2d Cir. 2025). In *Zherka*, we specifically rejected the contention "that the prohibition on possession of firearms by convicted felons violates the Second Amendment." *Id.* at 96. Therefore, we affirm Oquendo's conviction for possessing ammunition as a convicted felon, in violation of § 922(g)(1).

## II.  Sufficiency of the Evidence

Oquendo argues that there was insufficient evidence to convict him of possession of a firearm in furtherance of a drug trafficking crime because the firearm recovered from his residence was unloaded and its magazine was wrapped inside cellophane, and thus was not readily accessible or operable to aid in a drug offense. We disagree.

"[T]he requirement in § 924(c)(1) that the gun be possessed in furtherance of a drug crime may be satisfied by a showing of some nexus between the firearm and the drug selling operation." *United States v. Finley*, 245 F.3d 199, 203 (2d Cir. 2001). We examine a non-exhaustive list of factors to determine whether a nexus exists, including "the type of drug activity that is being

conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found." *United States v. Snow*, 462 F.3d 55, 62 n.6 (2d Cir. 2006) (quoting *United States v. Ceballos-Torres*, 218 F.3d 409, 414–15 (5th Cir. 2000)). "Ultimately, the test is whether a reasonable jury could, on the evidence presented at trial, find beyond a reasonable doubt that possession of the firearm facilitated a drug trafficking crime," and "'in furtherance' means that the gun afforded some advantage (actual or potential, real or contingent) relevant to the vicissitudes of drug trafficking." *United States v. Lewter*, 402 F.3d 319, 322 (2d Cir. 2005).

A rational trier of fact could conclude that the firearm seized from a bedroom in Oquendo's residence was used in furtherance of Oquendo's drug trafficking. Shortly before the execution of the search warrant, Oquendo was seen in his bedroom, from which the firearm and other contraband were recovered. The government recovered more than 80 grams of fentanyl, 64 grams of cocaine base, cutting agents, and drug packaging from a box in Oquendo's residence— all evidence of a large scale-drug operation. The box also contained a firearm that did not have a serial number, and thus was not lawfully possessed. With regard to the proximity of the firearm to the operation, the box with the firearm, drugs, and paraphernalia was located in Oquendo's bedroom closet near a dresser that contained $43,850 in cash. Although the firearm was unloaded, whether a firearm is loaded is only one of many factors to consider in making the nexus determination. *See Snow*, 462 F.3d at 62 n.6. Moreover, the law enforcement officers also recovered a magazine that contained ten rounds of ammunition in the same box with the gun. We have held previously that even an unloaded gun found in proximity to drugs can be

sufficient evidence for a § 924(c) conviction. *See Finley*, 245 F.3d at 203 ("Based on the evidence at trial, the jury could properly have found that [the defendant] kept the [unloaded sawed-off] shotgun for protection in proximity to the window from which he sold the drugs."). Likewise, drawing all permissible inferences in favor of the government, *see United States v. Landesman*, 17 F.4th 298, 319 (2d Cir. 2021), we conclude that there was sufficient evidence for the jury to conclude that the gun and magazine were meant to protect Oquendo's drug stash, and thus there was sufficient evidence to support his conviction under § 924(c).

\* \* \*

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5