23-7134-cr, 23-7136-cr
*United States v. Lesane*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of December, two thousand twenty-five.

PRESENT:
> **DEBRA ANN LIVINGSTON,**
> *Chief Judge,*
> **BARRINGTON D. PARKER,**
> **MARIA ARAÚJO KAHN,**
> *Circuit Judges.*

_____

United States of America,

> *Appellee,*

> v.

Eric Lesane, AKA Omega, AKA Eric Lasane,

> *Defendant-Appellant.*

_____

23-7134
23-7136

**FOR DEFENDANT-APPELLANT:** Eric Lesane, pro se, Bradford, PA.

**FOR APPELLEE:** Elizabeth A. Espinosa, Dominic A. Gentile, Nathan Rehn, Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY.

Appeal from two judgments of the United States District Court for the Southern District of New York (Liman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments are **AFFIRMED**.

In these tandem appeals, defendant-appellant Eric Lesane ("Lesane"), *pro se*, appeals from two judgments entered on September 6, 2023: (1) a judgment convicting him of violating multiple conditions of supervised release and (2) a judgment convicting him of being a felon in possession of a weapon, in violation of 18 U.S.C. § 922(g)(1), and possessing firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). In 2013, Lesane pleaded guilty to being a felon in possession of a firearm with a defaced serial number. The district court sentenced him, principally, to 94 months' imprisonment and 3

2

years' supervised release. Lesane began his term of supervised release in April 2021.

In February 2023, the U.S. Probation Office ("Probation") filed a violation of supervised release ("VOSR") report, charging Lesane with (1) failing to truthfully answer inquiries about his address, (2) failing to notify probation about a change in address, (3) committing a federal crime, being a felon in possession of a firearm, and (4) committing a federal crime, possessing firearms in connection with a drug trafficking crime. The Government separately charged Lesane with the two federal crimes. Lesane moved to suppress evidence seized from a search of his apartment following his arrest pursuant to a warrant, but the district court denied the motion. A jury found Lesane guilty of the criminal charges, and the district court subsequently found Lesane guilty of the VOSR specifications (based on the evidence presented at trial). The district court sentenced Lesane to a total of 123 months' imprisonment (123 months for the two criminal charges and 24 months on the supervised release violations, to run concurrently). We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal.

* * *

## I. Motion to Suppress Evidence

"When reviewing the grant or denial of a motion to suppress, we apply a *de novo* standard of review of the district court's conclusions of law and a deferential, clear-error standard of review of the district court's findings of fact." *United States v. Smith*, 967 F.3d 198, 204 (2d Cir. 2020). "To the extent that a district court's determination may involve a mixed question of law and fact, we apply *de novo* review, including to any ultimate determination whether the established facts satisfy the relevant legal standard." *Id.* at 205.

Lesane asserts several challenges to the district court's denial of his motion to suppress. First, he asserts that the arrest warrant was not valid because there was no probable cause to support it. Even assuming *arguendo* that the arrest warrant was a necessary predicate to the search of Lesane's residence (given his terms of supervised release), there was sufficient probable cause to support the arrest warrant. "In order to establish probable cause, it is not necessary to make 'a prima facie showing of criminal activity' or to demonstrate that it is more probable than not that a crime has been or is being committed." *United States v.*

4

*Cruz*, 834 F.2d 47, 50 (2d Cir. 1987) (quoting *United States v. Travisano*, 724 F.2d 341, 346 (2d Cir. 1983)). "Rather, probable cause for arrest 'exists where the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed.'" *Id.* (quoting *Brinegar v. United States*, 338 U.S. 160, 175–76 (1949)) (alterations in original). "[P]robable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Illinois v. Gates*, 462 U.S. 213, 232 (1983).

Here, sufficient facts and circumstances existed to permit a reasonable belief that Lesane had violated his conditions of supervised release. First, Probation had received information from the New York Police Department ("NYPD") that Lesane was residing at the Hering Avenue address. Second, two days of surveillance showed Lesane repeatedly entering and exiting the Hering Avenue property. Finally, Lesane failed to inform his probation officer that he changed his address on two different occasions. Together, this information was

sufficient for a reasonable person to believe that Lesane had changed his address and failed to inform his probation officer of this change, a violation of his conditions of supervised release.

Next, Lesane asserts that Probation "strayed beyond the bounds" of the arrest warrant by searching 2551 Hering Avenue. But this contention is meritless. As the Government argues, pursuant to the terms of Lesane's supervised release, Probation was permitted to search Lesane's residence or any premises he controlled on reasonable suspicion that Lesane had committed a violation of supervised release or had contraband. Reasonable suspicion asks "whether a reasonable officer would suspect unlawful activity under the totality of the circumstances." *United States v. Diaz*, 802 F.3d 234, 239 (2d Cir. 2015). A reasonable officer would suspect a violation here. First, Probation had information from the NYPD that Lesane resided at the Hering Avenue apartment and was in possession of firearms, a violation of the conditions of his supervised release. Second, after Lesane was arrested, federal agents with the U.S. Marshals recovered a set of keys from him for the Hering Avenue apartment, providing Probation with an independent basis for reasonable suspicion that

6

Lesane had violated his conditions of supervised release, namely that he resided at the Hering Avenue address without notifying Probation.

Finally, Lesane argues that two probation officers misled the district court to obtain the arrest warrant and committed perjury because their statements at trial were inconsistent with their statements in the arrest warrant petition. "It is well established that a defendant seeking to suppress evidence that was gathered pursuant to a search warrant that was based on inaccurate representations by the Government must show (1) that the inaccuracies were the product of a Government agent's 'deliberate falsehood' or 'reckless disregard for the truth' rather than innocent mistake, and (2) that, after setting aside the falsehoods, what remains of the warrant affidavit is insufficient to support a finding of probable cause." *United States v. Coreas*, 419 F.3d 151, 155 (2d Cir. 2005) (quoting *Franks v. Delaware*, 438 U.S. 154, 171–72 (1978)). But Lesane has not shown that there were any inaccurate representations made.

Lesane relies on a portion of Probation Officer Ji'vonne Gilmore's testimony in which she stated that she had not asked Lesane if he resided at 2551 Hering Avenue. But Lesane omits the fact that Gilmore went on to explain that

7

Lesane lied to her when she asked if he had secured independent housing. Therefore, Gilmore's testimony was consistent with the arrest warrant petition, which asserted that Lesane had failed to reply to her questions truthfully. Lesane's citation to Probation Officer Shawnte Lorick's testimony is another instance of misreading the trial transcript. Lorick testified merely that the violation report was an allegation that had to be proven in court, but he did not testify that he could not prove the violation. Because neither portion of the probation officers' testimony at trial showed any inaccuracies in the arrest warrant petition, Lesane's challenge fails.

## II. Sufficiency of the Evidence

We review sufficiency of the evidence claims "exceedingly deferential[ly]," *United States v. Hassan*, 578 F.3d 108, 126 (2d Cir. 2008), viewing "the evidence in the light most favorable to the" Government and affirming "if *any* rational trier of fact could have found the . . . elements of the crime beyond a reasonable doubt," *United States v. Aguilar*, 585 F.3d 652, 656 (2d Cir. 2009) (internal quotation marks and citation omitted).

The evidence at trial was sufficient to establish that Lesane possessed a firearm in furtherance of a drug trafficking crime. "To convict for possession of a firearm in furtherance of a drug trafficking offense under 18 U.S.C. § 924(c), the government must prove that the defendant possessed the firearm and that the possession occurred in furtherance of a drug trafficking crime." *United States v. Willis*, 14 F.4th 170, 184 (2d Cir. 2021) (internal quotation marks and citation omitted). The Government must "establish a 'nexus' between the charged firearm and the charged drug selling operation." *Id.* "That nexus is established where the firearm afforded some advantage (actual or potential, real or contingent) to the drug trafficking," including "where the charged weapon is readily accessible to protect drugs, drug proceeds, or the dealer himself." *Id.* (internal quotation marks and citation omitted). "Relevant factors include (1) the type of drug activity; (2) the accessibility of the firearm; (3) the type of weapon; (4) whether the weapon is stolen; (5) the status of the possession (legitimate or illegal); (6) whether the gun is loaded; (7) proximity to drugs or drug profits; and (8) the time and circumstances under which the gun is found." *United States v. Prawl*, 149 F.4th 176, 184 (2d Cir. 2025) (cleaned up).

The Government offered evidence that Lesane's Hering Avenue apartment contained both the firearms and evidence of a marijuana distribution operation. Specifically, Probation recovered packaged marijuana, empty packaging materials, a scale with apparent drug residue on it, and $10,000 cash. One of Lesane's neighbors at the Hering Avenue residence testified that Lesane brought a backpack full of pre-packaged marijuana out of his apartment to give the neighbor a sample and told the neighbor to knock on his door if he wanted to purchase drugs. Further, the firearms, drugs, and drug paraphernalia were all found within Lesane's room. At least one of the firearms was loaded. This evidence was sufficient to show that the weapons located in the apartment were "readily accessible" to Lesane to protect himself, his drugs, or his drug proceeds.

III.   **Constitutionality of 18 U.S.C. § 922(g)(1)**

Finally, Lesane challenges the constitutionality of § 922(g)(1) in light of the decision in *New York State Rifle & Pistol Association Inc. v. Bruen*, 597 U.S. 1 (2022). However, this argument is foreclosed by our recent decision in *Zherka v. Bondi*, 140 F.4th 68 (2d Cir. 2025). Prior to *Bruen*, in *United States v. Bogle*, 717 F.3d 281 (2d Cir. 2013), this Court upheld § 922(g)(1) as facially constitutional. *Id.* at 281–

10

82.   In *Zherka*, we both confirmed that the "holding in *Bogle* survives *Bruen*," 140 F.4th at 75, and rejected an as-applied challenge to § 922(g)(1), "conclud[ing] that the Second Amendment does not bar Congress from passing laws that disarm convicted felons, regardless of whether the crime of conviction is nonviolent," *id.* at 93.

*     *     *

We have considered Lesane's remaining arguments and find them to be without merit.[1]   Accordingly, we **AFFIRM** the judgments of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] In addition, we deny Lesane's motion for a judicial writ as moot but grant his application to seal his motion for the writ.