23-6818-cr
*United States v. Mingo*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of December, two thousand twenty-five.

PRESENT:
> DENNIS JACOBS,
> JOSEPH F. BIANCO,
> ALISON J. NATHAN,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

v.                                                                          23-6818-cr

MICHAEL T. MINGO,

> *Defendant-Appellant.*

---

FOR APPELLEE:                    John Vagelatos, Susan Corkery, and Amy Busa, Assistant United States Attorneys, *for* Joseph Nocella, Jr., United States Attorney for the Eastern District of New York, Brooklyn, New York.

FOR DEFENDANT-APPELLANT:          Anna M. Skotko, Skotko Law PLLC, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Frederic Block, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on June 23, 2023, is **AFFIRMED**.

Defendant-Appellant Michael T. Mingo appeals from the district court's judgment of conviction, following a guilty plea, to one count of possessing a firearm and ammunition after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Mingo principally to 65 months' imprisonment, to be followed by a three-year term of supervised release. On appeal, Mingo argues that his conviction pursuant to Section 922(g)(1) is unconstitutional both facially and as applied to him in light of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) because "this nation has no such historical tradition of disarming citizens who had prior felony convictions" and his "sole conviction is for an act"—*i.e.*, possessing a gun—"the law does not make criminal." Appellant's Br. at 7–8. Because, as Mingo concedes, he raises this argument for the first time on appeal, we review for plain error. *See United States v. Le*, 902 F.3d 104, 109 (2d Cir. 2018). We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.[1]

Following the filing of Mingo's initial brief, in *Zherka v. Bondi*, 140 F.4th 68 (2d Cir. 2025), we affirmed that our holding in *United States v. Bogle*, 717 F.3d 281, 281–82 (2d Cir.

---

[1] As an initial matter, the government has moved to dismiss, arguing that Mingo had waived his right to appeal pursuant to his plea agreement. Because we conclude that Mingo's appeal fails on the merits, we need not address the scope of his appeal waiver. *See United States v. Williams*, No. 23-6840-CR, 2025 WL 1822301, at *1 (2d Cir. July 2, 2025) (summary order) ("We do not address the terms of Williams's plea agreement because his challenge to Section 922(g)(1) fails regardless of the appeal waiver."); *United States v. Smith*, No. 24-1384-CR, 2025 WL 1778943, at *1 n.3 (2d Cir. June 27, 2025) (summary order) (same). Accordingly, the government's motion to dismiss is denied as moot.

2013)—that "Section 922(g)(1) is a constitutional restriction on the Second Amendment rights of convicted felons"—survives *Bruen* because our Nation's historical tradition of firearms regulation demonstrates that Congress has the "legislative power, consistent with the Second Amendment, to disarm categories of persons presumed to be dangerous." *Zherka*, 140 F.4th at 75, 90. We also concluded in *Zherka* that this legislative power includes the ability to disarm "all felons[,]" as a felony conviction "is reasonably regarded as an indication that such a person lacks the character of temperament necessary to be entrusted with a weapon." *Id.* at 74 n.8, 94 (internal quotation marks and citation omitted). Thus, as conceded by Mingo in his reply brief, his facial and as-applied challenges to his conviction under the Second Amendment are foreclosed by our binding precedent in *Zherka*. *See* Appellant's Reply Br. at 1 (stating that "[h]is Second Amendment challenge under *Bruen*—though foreclosed in this Circuit by [*Zherka*]—should be preserved for further review").

* * *

We have considered Mingo's remaining arguments on appeal and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3