24-1683-cr
*United States v. Horan*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of December, two thousand twenty-five.

PRESENT:
> DENNIS JACOBS,
> JOSEPH F. BIANCO,
> > *Circuit Judges*,
> VICTOR A. BOLDEN,
> > *District Judge*.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                          24-1683-cr

JOSEPH HORAN,

> *Defendant-Appellant*.

---

| | |
|---|---|
| FOR APPELLEE: | Jessica N. Carbone and Joshua Rothenberg, Assistant United States Attorneys, *for* John A. Sarcone III, Acting United States Attorney for the Northern District of New York, Syracuse, New York. |
| FOR DEFENDANT-APPELLANT: | James P. Egan, Federal Defenders of New York, |

---

* Judge Victor A. Bolden, of the United States District Court for the District of Connecticut, sitting by designation.

Inc., Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on June 13, 2024, is **AFFIRMED**.

Defendant-Appellant Joseph Horan appeals from the district court's judgment of conviction, following a guilty plea, to one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Under Section 922(g)(1), Horan's prior felony conviction—for aggravated unlicensed operation of a motor vehicle—made it unlawful for him to possess a gun. The district court sentenced Horan principally to 17 months' imprisonment, to be followed by a three-year term of supervised release. On appeal, Horan contends that Section 922(g)(1) is unconstitutional, facially and as applied to him, in light of the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022).[1] We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

Horan concedes that this Court has previously held, in *United States v. Bogle*, 717 F.3d 281 (2d Cir. 2013), that Section 922(g)(1) is facially constitutional, but argues that *Bogle* "does not survive" the Supreme Court's decisions in *New York State Rifle & Pistol Association, Inc. v. Bruen* and *United States v. Rahimi*, 602 U.S. 680 (2024). Appellant's Br. at 22. We disagree. In *Zherka v. Bondi*, 140 F.4th 68 (2d Cir. 2025), we affirmed that our holding in *Bogle*, that "Section

---

[1] Horan pled guilty pursuant to a conditional plea agreement that preserved his ability to appeal the district court's denial of his motion to dismiss the indictment on the ground that Section 922(g)(1) violates the Second Amendment. On December 12, 2024, we granted the government's motion to hold Horan's appeal in abeyance pending "issuance of a relevant, published opinion on the constitutionality of 18 U.S.C. § 922(g)(1)." Dkt. No. 22 at 1. On June 11, 2025, subsequent to our decision in *Zherka v. Bondi*, 140 F.4th 68 (2d Cir. 2025), we lifted the order holding the appeal in abeyance.

922(g)(1) is a 'constitutional restriction on the Second Amendment rights of convicted felons,'" survives *Bruen*. *Zherka*, 140 F.4th at 74–75 (quoting *Bogle*, 717 F.3d at 281–82). We reasoned that our Nation's historical tradition of firearm regulation evinces that Congress has the "legislative power, consistent with the Second Amendment, to disarm categories of persons presumed to be dangerous." *Id.* at 90. Thus, Horan's facial challenge fails.

Horan also argues that "no published decision of this Court has addressed an as-applied challenge to Section 922(g)(1)." Appellant's Br. at 23 n.6. Specifically, he asserts that Section 922(g)(1) cannot be constitutionally applied to him because "the Second Amendment protects [his] right to possess ammunition for self-defense," Appellant's Br. at 14, and he has "no history of violence or firearm offenses," *id.* at 22. However, in *Zherka*, we concluded that Congress has the "authority to disarm *all* felons," *Zherka*, 140 F.4th at 74 n.8 (emphasis added), because a felony conviction "is reasonably regarded as an indication that such a person lacks the character of temperament necessary to be entrusted with a weapon," *id.* at 94 (internal quotation marks and citation omitted); *see also id.* at 96 (rejecting the "contention that the prohibition on possession of firearms by convicted felons violates the Second Amendment as applied to 'nonviolent' felons"). That holding again controls here.

In sum, our holding in *Zherka* forecloses Horan's arguments as to the constitutionality of Section 922(g)(1), both facially and as applied to him. *See Dale v. Barr*, 967 F.3d 133, 142 (2d Cir. 2020) ("It is a longstanding rule of our Circuit that a three-judge panel is bound by a prior panel's decision until it is overruled either by this Court sitting *en banc* or by the Supreme Court." (internal quotation marks and citation omitted)).

3

\*  \*  \*

We have considered Horan's remaining arguments on appeal and conclude that they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4