*United States v. Rodriguez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of December, two thousand twenty-five.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> BARRINGTON D. PARKER,
> MICHAEL H. PARK,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

v.                                                                  25-181

ANTONIO L. RODRIGUEZ,

> *Defendant-Appellant.*

---

| | |
|---|---|
| For Appellee: | Katherine A. Gregory, Assistant United States Attorney, *for* Michael DiGiacomo, United States Attorney for the Western District of New York, Buffalo, NY. |
| For Defendant-Appellant: | Anne M. Burger, Federal Public Defender's Office, Rochester, NY. |

Appeal from a judgment of the Western District of New York (Wolford, *C.J.*).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In October 2022, police in Rochester, New York, responded to the home of Antonio Rodriguez ("Rodriguez") after Rodriguez, armed with a shotgun, threatened to shoot two individuals who had arrived in pursuit of their stolen car. Because Rodriguez had two prior, non-firearms-related felony burglary convictions, the Government charged him with possessing firearms in violation of 18 U.S.C. § 922(g)(1). The district court rejected Rodriguez's arguments that § 922(g)(1) violated the Second Amendment on its face and as applied to him, and Rodriguez then pled guilty. On January 8, 2025, Chief Judge Wolford sentenced Rodriguez to 63 months in prison, the lowest sentence within the range recommended by the Sentencing Guidelines. Rodriguez timely appealed. We assume familiarity with the remaining facts, procedural history, and issues on appeal.

*     *     *

Rodriguez argues in his opening brief that § 922(g)(1) is unconstitutional on its face and, because Rodriguez's previous felonies did not involve firearms, as applied to him. His facial challenge turns on the argument that *United States v. Bogle*, 717 F.3d 281 (2d Cir. 2013), which found § 922(g)(1) to be facially constitutional, is no longer good law after the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022).

After Rodriguez filed his opening brief, this Court foreclosed these arguments in *Zherka v. Bondi*, 140 F.4th 68 (2d Cir. 2025). *Zherka* held that "[o]ur holding in *Bogle* survives *Bruen*." *Id.* at 75. In addition to the holding that § 922(g)(1) remains facially constitutional, *Zherka* also held that § 922(g)(1) is constitutional as applied to non-violent felonies. *Id.* at 91-93. Rodriguez's as-applied argument is brief and underdeveloped, but its thrust seems to be that

2

§ 922(g)(1) cannot be applied to Rodriguez because his prior felonies did not involve firearms. *Zherka*'s holding that § 922(g)(1) is constitutionally applied to non-violent felonies indicates that the danger to the public and the severity of the felony do not affect the as-applied constitutionality of § 922(g)(1). *See id.* at 93 ("Because legislatures at or near the Founding had the authority to pass laws disarming large classes of people based on status alone, we conclude that the Second Amendment does not bar Congress from passing laws that disarm convicted felons, regardless of whether the crime of conviction is nonviolent.").

In any event, Rodriguez concedes that this Court's intervening decision in *Zherka* forecloses his argument. Reply Br. at 2. He now only "maintains these arguments for the purpose of preservation and in order to seek further review," as is his right. *Id.*

\*     \*     \*

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3