25-458-cr
*United States v. Foster*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of June, two thousand twenty-six.

PRESENT:
> JOSEPH F. BIANCO,
> STEVEN J. MENASHI,
> *Circuit Judges*,
> ANTHONY J. BRINDISI,
> *District Judge.*\*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                    25-458-cr

ISAAC FOSTER, AKA ISSAC FOSTER,

> *Defendant-Appellant*.

---

FOR APPELLEE:                           Raffaela S. Belizaire and Amy Busa, Assistant United States Attorneys, *for* Joseph Nocella, Jr., United States Attorney for the Eastern District of New York, Brooklyn, New York.

---

\* Judge Anthony J. Brindisi, of the United States District Court for the Northern District of New York, sitting by designation.

FOR DEFENDANT-APPELLANT:          Siobhan C. Atkins, Federal Defenders of New York, Inc., New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brian M. Cogan, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on November 1, 2024, is **AFFIRMED**.

Defendant-Appellant Isaac Foster appeals from the district court's judgment of conviction, following a guilty plea, to one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Section 922(g)(1) made it unlawful for Foster to possess a gun on account of his prior felony convictions. The district court sentenced Foster principally to 30 months' imprisonment, to be followed by a two-year term of supervised release. On appeal, Foster contends that Section 922(g)(1) is unconstitutional, facially and as applied to him, in light of the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

In *United States v. Bogle*, 717 F.3d 281 (2d Cir. 2013), we rejected a facial constitutional challenge to Section 922(g)(1). In *Zherka v. Bondi*, 140 F.4th 68 (2d Cir. 2025), we affirmed that "Section 922(g)(1) is a 'constitutional restriction on the Second Amendment rights of convicted felons,'" and survives *Bruen*. *Zherka*, 140 F.4th at 74–75 (quoting *Bogle*, 717 F.3d at 281–82). We reasoned that our nation's historical tradition of firearm regulation evinces that Congress has the "legislative power, consistent with the Second Amendment, to disarm categories of persons presumed to be dangerous." *Id.* at 90. A challenger "cannot," we said, "'mount a successful facial challenge' to Section 922(g)(1)." *Id.* at 75 (quoting *Antonyuk v. James*, 120 F.4th 941, 983 (2d Cir. 2024)). Thus, Foster's facial challenge fails.

Foster also argues that Section 922(g)(1) is unconstitutional as applied to him because he poses no "unique physical danger to others" and because his "most serious conviction . . . occurred over 20 years ago, when he was 16." Appellant's Br. at 10. However, in *Zherka*, we concluded that "Congress has the authority to disarm *all* felons," 140 F.4th at 74 n.8 (emphasis added), because a felony conviction "is reasonably regarded as an indication that such a person lacks the character of temperament necessary to be entrusted with a weapon," *id.* at 94 (internal quotation marks and citation omitted).

Although Foster contends that our analysis in *Zherka* was erroneous, we are "bound by prior decisions of this [C]ourt unless and until the precedents established therein are reversed *en banc* or by the Supreme Court." *United States v. Jass*, 569 F.3d 47, 58 (2d Cir. 2009). Indeed, Foster concedes that *Zherka* forecloses his facial and as-applied challenge to Section 922(g)(1) and notes that he raises these arguments to "preserve[] his constitutional challenge for a potential petition for rehearing en banc or a petition for a writ of certiorari." Appellant's Br. at 11.

\*     \*     \*

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3