23-6016
*United States v. Woods*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of December, two thousand twenty-five.

PRESENT:
> BETH ROBINSON,
> SARAH A. L. MERRIAM,
> > *Circuit Judges*,
> SIDNEY H. STEIN[*],
> > *District Judge.*

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                          No. 23-6016

MICHAEL WOODS, AKA BONE, AKA BONEHEAD,

> *Defendant-Appellant,*
> _____

[*] Judge Sidney H. Stein, of the United States District Court for the Southern District of New York, sitting by designation.

A<small>NTWAINE</small> P<small>ARKER</small>, AKA T<small>WANNY</small>,

    *Defendant.*[†]

_____

FOR APPELLEE:                                  Monica Jeanette Richards, Assistant
                                               United States Attorney, *for* Michael
                                               DiGiacomo, United States Attorney
                                               for the Western District of New York,
                                               Buffalo, NY.

FOR DEFENDANT-APPELLANT:       Sarah Kunstler, Law Office of Sarah
                                               Kunstler, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Sinatra, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on January 27, 2022, is **AFFIRMED**.

Defendant-Appellant Michael Woods pleaded guilty to being a felon in possession of a firearm, pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court initially sentenced Woods principally to 88 months' imprisonment. On appeal, Woods challenges the procedural and substantive reasonableness of

---

[†] The Clerk of Court is respectfully directed to amend the caption as set forth above.

his term of imprisonment and the constitutionality of 18 U.S.C. § 922(g)(1). We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

After an intervening reduction in his sentence to a term of 73 months' imprisonment, Woods has completed the custodial term of his sentence. Both parties therefore agree that Woods's challenge to the term of imprisonment is moot.

Woods's remaining argument is that his conviction should be vacated because § 922(g)(1) unconstitutionally burdens Woods's rights under the Second Amendment in light of the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). As Woods concedes, we review for plain error because Woods raised his constitutional challenge for the first time on appeal. *See* Fed. R. Crim. P. 52(b); *United States v. Simmons*, 150 F.4th 126, 130 (2d Cir. 2025). To prevail, he must demonstrate that "(1) there is an error; (2) the error is clear or obvious. . . ; (3) the error affected the appellant's substantial rights . . .; and (4) the error seriously affects the fairness, integrity or public reputation of

3

judicial proceedings." *Id.* (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)).[1]

We previously upheld the constitutionality of § 922(g)(1) against a constitutional challenge in *United States v. Bogle*, 717 F.3d 281 (2d Cir. 2013). More recently, we confirmed that our holding in *Bogle* remains good law after *Bruen*. *See Zherka v. Bondi*, 140 F.4th 68, 75 (2d Cir. 2025). We explained in *Zherka* that "before, during, and shortly after the Founding, legislative bodies regulated firearms by prohibiting their possession by categories of persons perceived to be dangerous." *Id.* at 88. These were considered lawful regulations. *See id.* This history persisted after the adoption of the Fourteenth Amendment. *See id.* at 88-89. For these reasons, we held that Congress has "a legislative power, consistent with the Second Amendment, to disarm categories of persons presumed to be dangerous," including felons like Woods. *Id.* at 90.

*Zherka* is controlling and forecloses Woods' arguments. As a result, Woods' conviction under § 922(g)(1) was not plain error. Woods concedes this point and raises the issue only for purposes of preservation.

\* \* \*

---

[1] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

For the above reasons, the district court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court