22-2705-cr
*United States v. Scott*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of December, two thousand twenty-five.

PRESENT:
> DENNIS JACOBS,
> JOSEPH F. BIANCO,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                       22-2705-cr

WILLIAM SCOTT,

> *Defendant-Appellant.*

_____

| | |
|---|---|
| FOR APPELLEE: | Courtney Heavey, Andrew K. Chan, and Won S. Shin, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, New York. |
| FOR DEFENDANT-APPELLANT: | Susan G. Kellman, Law Offices of Susan G. Kellman, Brooklyn, New York; Ezra Spilke, Law Offices of Ezra Spilke, PLLC, Brooklyn, New York; Eylan Schulman, Moskowitz Colson |

Ginsberg & Schulman LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Analisa Torres, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on September 9, 2022, is **AFFIRMED**.

Defendant-Appellant William Scott appeals from the district court's judgment of conviction, following a jury trial, for one count of possessing ammunition after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). In particular, on June 23, 2020, Scott, having previously been convicted of a felony, brandished a firearm and fired at least one shot during an argument with a group of individuals outside a corner deli. He then chased the individuals down the street and fired at least two more rounds, resulting in one of the individuals (the "Victim") being shot in the leg twice. At sentencing, the district court calculated Scott's advisory range under the United States Sentencing Guidelines ("Guidelines") based, in part, on its finding that Scott's offense conduct constituted attempted murder in the second degree and sentenced him to a term of 120 months' imprisonment, followed by a three-year term of supervised release.

On appeal, Scott raises two arguments. First, he contends that Section 922(g)(1) is unconstitutional under the Second Amendment because of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022).[1] Second, Scott argues that the district court procedurally erred in determining his base offense level under the Guidelines because it applied the Guidelines provision for attempted murder in the second degree, rather than the

---

[1] On July 25, 2023, this Court granted Scott's motion to hold this appeal in abeyance pending resolution of other appeals in which similar constitutional claims were raised. We lifted the stay holding the appeal in abeyance on July 10, 2025, after our decision in *Zherka v. Bondi*, 140 F.4th 68 (2d Cir. 2025).

provision for attempted manslaughter. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## I.      Second Amendment Challenge

Scott argues that his conviction must be vacated because Section 922(g)(1) is inconsistent with our Nation's historical tradition of firearm regulation and is therefore an unconstitutional restriction on his Second Amendment rights. Because, as Scott concedes, he raises this argument for the first time on appeal, we review for plain error. *See United States v. Le*, 902 F.3d 104, 109 (2d Cir. 2018).

Scott's constitutional challenge to Section 922(g)(1) is squarely foreclosed by our recent decision in *Zherka v. Bondi*, 140 F.4th 68 (2d Cir. 2025). In *Zherka*, we affirmed our holding in *United States v. Bogle*, 717 F.3d 281, 281–82 (2d Cir. 2013), that "Section 922(g)(1) is a constitutional restriction on the Second Amendment rights of convicted felons" and survives *Bruen*. *Zherka*, 140 F.4th at 74–75 (internal quotation marks and citation omitted). We reasoned that our Nation's historical tradition of firearm regulation evinces that Congress has the "legislative power, consistent with the Second Amendment, to disarm categories of persons presumed to be dangerous." *Id.* at 90. Congress therefore has the "authority to disarm *all* felons," *id.* at 74 n.8 (emphasis added), because a felony conviction "is reasonably regarded as an indication that such a person lacks the character of temperament necessary to be entrusted with a weapon," *id.* at 94 (internal quotation marks and citation omitted). Scott's challenge therefore fails.[2]

## II.      Challenge to the Guidelines Calculation

Scott also contends that his sentence was procedurally unreasonable because the district

---

[2] It is unclear from Scott's brief whether he is asserting a facial or an as-applied challenge to Section 922(g)(1), but the result would be the same in either case under *Zherka*.

court failed to accurately calculate the applicable advisory Guidelines range. More specifically, he asserts that the district court erred in determining his base offense level by utilizing the Guidelines provision applicable to attempted murder in the second degree, rather than the provision applicable to attempted manslaughter. We disagree.

A district court commits procedural error where, *inter alia*, it "makes a mistake in its Guidelines calculation[.]" *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). We generally review the procedural reasonableness of a district court's sentence for abuse of discretion, which includes *de novo* review of questions of law and clear error review of questions of fact. *United States v. Yilmaz*, 910 F.3d 686, 688 (2d Cir. 2018). "[A] district court's factual findings at sentencing need be supported only by a preponderance of the evidence[,]" *United States v. Norman*, 776 F.3d 67, 76 (2d Cir. 2015), and may be based "on circumstantial evidence and on reasonable inferences drawn therefrom[,]" *United States v. Gaskin*, 364 F.3d 438, 464 (2d Cir. 2004).

Guidelines Section 2K2.1—the provision applicable to the unlawful possession of ammunition—states that where, as here, the defendant "used or possessed . . . ammunition . . . in connection with the commission or attempted commission of another offense," Section 2X1.1 applies "if the resulting offense level is greater than that determined" under Section 2K2.1 alone. U.S.S.G. § 2K1.2(c)(1). Section 2X1.1, in turn, provides that "[w]hen an attempt . . . is expressly covered by another offense guideline section, apply that guideline section." U.S.S.G. § 2X1.1(c)(1). Section 2A2.1 expressly covers attempted murder and provides for a base offense level of 33 "if the object of the offense would have constituted first degree murder" and a base offense level of 27 otherwise. U.S.S.G. § 2A2.1(a). That Guidelines provision incorporates the definition of murder contained in 18 U.S.C. § 1111, *see id.* at cmt. n.1, which defines murder as "the unlawful

4

killing of a human being with malice aforethought," 18 U.S.C. § 1111(a). Certain types of murder, such as a "premeditated killing," are classified as first degree murder, while any other murder not defined as first degree murder is "murder in the second degree." *Id.* "An attempt to commit murder requires a specific intent to kill." *United States v. Mumuni Saleh*, 946 F.3d 97, 108 (2d Cir. 2019) (alteration adopted) (quoting *United States v. Kwong*, 14 F.3d 189, 194 (2d Cir. 1994)).

Here, the uncontroverted evidence before the district court at sentencing demonstrated that (1) Scott pulled out a gun and began shooting at the Victim outside a corner deli; (2) Scott pursued the Victim when the Victim ran to escape; (3) during this pursuit, Scott fired the gun at the Victim at least two additional times; and (4) the Victim was shot in the leg twice. That evidence adequately supported the district court's finding that Scott fired his gun multiple times with a specific intent to kill, and thus warranted a base offense level of 27, pursuant to Section 2A2.1(a). *See, e.g.*, *United States v. Atehortva*, 69 F.3d 679, 687 (2d Cir. 1995) (concluding that the district court properly found the requisite intent to kill for attempted murder where there was "undisputed evidence that [the defendant] repeatedly fired a gun at federal agents from close range").

In response, Scott argues that he was provoked and acted in the heat of passion because the Victim and others "direct[ed] intense hostility" towards Scott, and "physically menaced Scott and prompted a physical confrontation" and therefore his conduct constituted attempted manslaughter. Appellant's Br. at 26–27. To be sure, under the "heat of passion" doctrine, a defendant who is sufficiently provoked may act without the malice required for murder. *See United States v. Velazquez*, 246 F.3d 204, 212 (2d Cir. 2001). However, the evidence before the district court at sentencing—including videos of the incident—showed that there was neither a physical altercation nor any display of weapons before Scott began shooting.[3] Moreover, even assuming *arguendo*

---

[3] To the extent Scott makes a passing reference to "self-defense" in his brief, he has forfeited that issue by failing to adequately brief it. *See Tripathy v. McKoy*, 103 F.4th 106, 118 (2d Cir. 2024) ("It is a settled

5

that Scott felt threatened in front of the corner store, once Scott fired the initial shot and the Victim and those accompanying him ran away, Scott had the opportunity to leave the scene. He nonetheless pursued the Victim and fired at least two more shots at the Victim. In short, on this record, we discern no clear error in the district court's determination that the evidence was sufficient to establish by a preponderance of the evidence that Scott deliberately discharged his firearm with the specific intent to kill the Victim, which thereby supported the application of a base offense level for attempted murder, pursuant to U.S.S.G. § 2A2.1(a).[4] *See Norman*, 776 F.3d at 76 ("[W]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (internal quotation marks and citation omitted)).

*       *       *

We have considered Scott's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed forfeited." (alterations adopted and internal quotation marks and citation omitted)). In any event, Scott's self-defense argument would fail for largely the same reasons his heat of passion argument fails. In particular, although Scott suggests that the Victim (or someone accompanying the Victim) had a gun at the outset of the incident, the video of the incident shows that the Victim's brother retrieved a gun from inside a car only *after* Scott shot at the Victim multiple times and fled.

[4] Finally, to the extent Scott argues that the district court abused its discretion in not holding a *Fatico* hearing to determine his mental state, we are similarly unpersuaded. "[I]t is well established that a district court need not hold an evidentiary hearing to resolve sentencing disputes, as long as the defendant is afforded some opportunity to rebut the [g]overnment's allegations." *United States v. Broxmeyer*, 699 F.3d 265, 280 (2d Cir. 2012) (internal quotation marks and citation omitted). Here, the district court was intimately familiar with the facts of Scott's case, having presided over his four-day trial, and Scott did not object to the factual portion of the Presentence Report. Scott also had the opportunity to rebut the government's allegations in a written sentencing memorandum where Scott submitted interview notes about the Victim's mental state at the time of the shooting. *See United States v. Scott*, No. 21-cr-00429, Dkt. No. 108 (S.D.N.Y. Sept. 2, 2022). Under these circumstances, the district court did not abuse its discretion by not conducting a *Fatico* hearing. *See Broxmeyer*, 699 F.3d at 280.