24-2165-cr (L)
*United States v. Hendrix*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of January, two thousand twenty-six.

PRESENT:
> AMALYA L. KEARSE,
> JOHN M. WALKER, JR.,
> JOSEPH F. BIANCO,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

>*Appellee*,

> v.                                                                          24-2165-cr (L),
> > 24-2167-cr (Con)

JEFFERY GRAHAM, AKA TWENTY, REUBEN FEARS, AKA JAY, DERRICK PATTERSON, AKA DINKY, AKA POST, CRAIG ELDRIDGE, CHARLES ROSE, AKA CHUCK, LARON THOMPSON, SHARON THOMPSON, AKA KINTAE, WALDEMAR PABON, REGINALD ROYAL, JR., SHAVON ROYAL, AKA SIR, JAMES SULLIVAN, THEODORE HINES, AKA TEDDY, THOMAS HAKEEM, TERRY WILLIAMS, EDWARD GREEN, LAFERALD HINES, CHARISMA ROYSTER,

> *Defendants,*

TARRELL HENDRIX,

*Defendant-Appellant.*

_____

FOR APPELLEE:                          T<small>IFFANY</small> H. L<small>EE</small>, Assistant United States Attorney, *for* Michael DiGiacomo, United States Attorney for the Western District of New York, Buffalo, New York.

FOR DEFENDANT-APPELLANT:                S<small>ARAH</small> K<small>UNSTLER</small>, Law Office of Sarah Kunstler, Brooklyn, New York.

Appeals from judgments of the United States District Court for the Western District of New York (John L. Sinatra, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the district court, both entered on August 8, 2024, are **AFFIRMED**.

Defendant-Appellant Tarrell Hendrix has filed appeals from two judgments. In No. 24-2165, he challenges an August 8, 2024, judgment convicting him, following his plea of guilty, of one count of possession of firearms and ammunition after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and sentencing him principally to 78 months' imprisonment to be followed by a three-year term of supervised release. In No. 24-2167, he challenges a judgment, also entered on August 8, 2024, finding, following his admission of guilt, that he violated a supervised-release condition that had been imposed on him for a prior conviction, and sentencing him to four months' imprisonment to be served concurrently with the 78-month prison term imposed for the firearm-possession conviction. In No. 24-2165, Hendrix principally contends that the district court erred in (1) accepting his waiver of his right to counsel, pursuant to *Faretta v. California*, 422 U.S. 806 (1975), following his guilty plea; (2) denying his post-waiver

request for appointment of new counsel; and (3) denying his motions to withdraw his guilty plea. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## I.       Waiver of Counsel under *Faretta*

"The Sixth Amendment protects a criminal defendant's right to the assistance of counsel at all critical stages of the criminal process." *United States v. Romeo*, 136 F.4th 372, 378 (2d Cir. 2025) (alteration adopted) (internal quotation marks omitted). "There is, however, the correlative right to dispense with legal assistance and represent oneself." *Torres v. United States*, 140 F.3d 392, 401 (2d Cir. 1998). Given that when a defendant proceeds *pro se*, he "relinquishes . . . many of the traditional benefits associated with the right to counsel," his relinquishing those benefits must be knowing and intelligent. *Faretta*, 422 U.S. at 835. We have repeatedly explained that "there is no talismanic procedure to determine a valid waiver" of the right to counsel, but "the district court should engage the defendant in an on-the-record discussion to ensure that []he fully understands the ramifications of [his] decision." *Torres*, 140 F.3d at 401; *see also Faretta*, 422 U.S. at 835 ("[The defendant] should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." (internal quotation marks omitted)).

"A district court's conclusion[] regarding the constitutionality of a defendant's waiver of his right to counsel is subject to de novo review, but its supporting factual findings are reviewed under a clearly erroneous standard." *United States v. Garrett*, 42 F.4th 114, 118 (2d Cir. 2022) (alterations adopted) (internal quotation marks omitted). "We will affirm a district court's conclusion that a defendant knowingly and voluntarily waived his constitutional rights if any reasonable view of the evidence supports it." *Id.* (internal quotation marks omitted). Although a

3

violation of a defendant's Sixth Amendment right to proceed *pro se* "requires automatic reversal of a criminal conviction," *Wilson v. Walker*, 204 F.3d 33, 37 (2d Cir. 2000); *see also McCoy v. Louisiana*, 584 U.S. 414, 427–28 (2018) (discussing the differences between structural and non-structural errors and holding that a structural error warrants "a new trial without any need first to show prejudice"), the Supreme Court has held that violations of the Sixth Amendment right to counsel are non-structural and subject to harmless-error review unless there was an "[a]ctual or constructive denial of the assistance of counsel altogether," *Penson v. Ohio*, 488 U.S. 75, 88 (1988) (internal quotation marks omitted), or counsel was "prevented from assisting the accused during a critical stage of the proceeding," *United States v. Cronic*, 466 U.S. 648, 659 n.25 (1984); *see also Mickens v. Taylor*, 535 U.S. 162, 166 (2002) ("We have spared the defendant the need of showing probable effect upon the outcome, and have simply presumed such effect, where assistance of counsel has been denied entirely or during a critical stage of the proceeding."); *United States v. Ferrer*, 765 F. App'x 622, 625 (2d Cir. 2019) (summary order) (holding that the defendant's self-representation at a suppression hearing was subject to harmless-error review). Under harmless error review, the burden is on the government to show that a constitutional error was "harmless beyond a reasonable doubt." *Chapman v. California*, 386 U.S. 18, 24 (1967).

Hendrix argues that "[d]espite a record that showed [that he] neither understood the consequences of waiving counsel nor affirmatively elected to do so, the district court ruled that he would 'have the opportunity' to represent himself." Appellant's Br. at 35. Thus, according to Hendrix, "[t]he [district] court's failure to confirm that [he] grasped the risks of self-representation or the advantages of legal counsel fell far short of what is required by *Faretta*" and requires reversal of his conviction. *Id.* at 35–36. However, we need not address this argument because, even assuming *arguendo* that the district court failed to adequately comply with *Faretta* in

4

determining whether Hendrix's waiver of counsel was knowing and voluntary, the Sixth Amendment violation was harmless.

As a threshold matter, we conclude that harmless-error review applies to this alleged Sixth Amendment violation because Hendrix was neither denied counsel entirely nor denied counsel at a critical stage of his criminal proceeding. Indeed, he was represented by counsel from the inception of his criminal case until after his guilty plea proceeding. Moreover, although he filed a *pro se* motion to withdraw his guilty plea during his period of self-representation, the district court (at Hendrix's request) subsequently appointed new counsel, who then also filed a motion to withdraw the plea, and the district court fully considered both the *pro se* and counseled motions. New counsel also represented Hendrix for the remainder of the criminal proceeding, including his sentencing. Under these circumstances, any Sixth Amendment error in allowing Hendrix to temporarily represent himself is non-structural and subject to harmless error review. *Penson*, 488 U.S. at 88; *see also Cronic*, 466 U.S. at 659 n.25.

Applying the harmless-error standard to the circumstances presented here, we hold that any error in permitting Hendrix to represent himself for a portion of his criminal proceeding was harmless.[1] As noted above, at the point that Hendrix commenced his self-representation, he had already pled guilty with the full assistance of counsel. To be sure, during his period of self-representation, Hendrix filed a *pro se* motion to withdraw his guilty plea. However, the lack of assistance of counsel in preparing and filing that motion had no impact on his conviction because (as discussed *infra*) the motion was completely without merit and, in any event, he was subsequently appointed counsel who submitted a second motion to withdraw his guilty plea, which

---

[1] Because we conclude that any error was harmless, we need not address the government's separate argument that Hendrix also failed to satisfy the plain error standard.

the district court considered *de novo*. Therefore, Hendrix suffered no prejudice during the period of self-representation. Rather, in effect, the district court allowed him to file an additional *pro se* motion to withdraw his guilty plea, instead of being limited to only the counseled motion. In sum, even if the district court's alleged failure to comply with *Faretta* in allowing Hendrix's post-plea self-representation constituted a Sixth Amendment violation, the government has demonstrated that the error was "harmless beyond a reasonable doubt," and there is no basis to reverse his conviction on this ground.[2] *Chapman*, 386 U.S. at 24.

## II.  Motions to Withdraw the Guilty Plea

A defendant may withdraw a guilty plea after it has been accepted but prior to sentencing if he can show "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In deciding whether to grant a motion to withdraw a guilty plea, courts consider several factors, including:  (1) whether the defendant "has raised a significant question about the voluntariness of the original plea"; (2) whether the defendant "has asserted his or her legal innocence in the motion"; (3) "the amount of time that has elapsed between the plea and the motion (the longer the elapsed time, the less likely withdrawal would be fair and just)"; and (4) "whether the government would be prejudiced by a withdrawal of the plea." *United States v. Albarran*, 943 F.3d 106, 117–18 (2d Cir. 2019) (internal quotation marks omitted). "The standard for withdrawing a guilty plea is stringent because society has a strong interest in the finality of guilty pleas, and allowing

---

[2] We reach the same conclusion regarding Hendrix's contention that his Sixth Amendment right to counsel was also violated when, on June 7, 2022, the district court, while Hendrix was representing himself and after he filed his *pro se* motion to withdraw his guilty plea, denied his renewed request for counsel and noted that sentencing would proceed on June 9, 2022. Two days after that denial, at the June 9 scheduled date for sentencing, Hendrix reiterated his request for the appointment of new counsel, and the district court granted that request and further adjourned the sentencing. Thus, even assuming *arguendo* that the district court abused its discretion in denying Hendrix's June 7 renewed request for counsel, that error was harmless given that counsel was appointed two days later (with no court activity taking place in that intervening two-day period) and the sentencing was adjourned.

6

withdrawal of pleas not only undermines confidence in the integrity of our judicial procedures, but also increases the volume of judicial work, and delays and impairs the orderly administration of justice." *United States v. Doe*, 537 F.3d 204, 211 (2d Cir. 2008) (internal quotation marks omitted). "[T]he government need not demonstrate prejudice where the defendant fails to show sufficient grounds to justify withdrawal of the plea." *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997). "We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion and any findings of fact in connection with that decision for clear error." *United States v. Rivernider*, 828 F.3d 91, 104 (2d Cir. 2016) (internal quotation marks omitted).

Hendrix argues that his motions to withdraw his guilty plea raised questions about the voluntariness of his plea and that the district court erred in denying the motions without a hearing. We disagree.

With respect to his *pro se* motion, which was filed approximately one month after his guilty plea proceeding, Hendrix did not assert legal innocence, but rather argued that his guilty plea was involuntary. Hendrix's arguments as to voluntariness were grounded entirely in his conclusory affidavit, which stated that he was under the influence of narcotics and coerced into signing the plea agreement. These statements in the affidavit were in complete contradiction to his sworn statements to the district court during the guilty plea proceeding.[3] *See* App'x at 244 (Hendrix confirming that he was "clearheaded . . . about what [he was] planning to do in terms of enter[ing] a guilty plea"); *id.* at 245 (Hendrix, although admitting he had used marijuana approximately four days prior to the proceeding, affirming that he was not under the influence of any drug, medication, or alcohol at the time of the proceeding, and stating that nothing about the earlier marijuana use

---

[3] At the plea hearing, Hendrix's counsel also stated she had spoken with him prior to the proceeding and believed that he was competent to proceed with the guilty plea, and the district court made the following finding: "Based on the statements of Mr. Hendrix and his lawyers and my observations, I find that Mr. Hendrix is in full possession of his faculties and is competent to proceed." App'x at 246–47.

7

was affecting his judgment at the proceeding); *id.* at 252 (Hendrix affirming that no one forced or coerced him to plead guilty); *id.* (Hendrix affirming he was pleading guilty voluntarily). We have emphasized that "statements made under oath at a plea allocution carry a strong presumption of veracity," *Albarran*, 943 F.3d at 120 (internal quotation marks omitted), and a district court does not abuse its discretion in denying a motion to withdraw where "unequivocal admissions under oath" are contradicted only by "unsupported assertions," *Torres*, 129 F.3d at 715; *see also United States v. Freeman*, 17 F.4th 255, 265 (2d Cir. 2021); *United States v. Gonzalez*, 970 F.2d 1095, 1101 (2d Cir. 1992). Here, the district court acted well within its discretion in determining that Hendrix had failed to identify anything in the record to overcome the strong presumption of veracity that attached to his sworn statements at the plea proceeding and denying the motion on that basis.

We similarly find no abuse of discretion in the district court's denial of Hendrix's counseled motion to withdraw his guilty plea. In that motion, Hendrix principally argued that he "ha[d] credibly asserted a claim of legal innocence based upon the potential constitutional invalidity of § 922(g)(1) under the new analytical framework set forth in [*New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022)]." App'x at 411. However, the district court correctly rejected that claim of factual innocence and properly concluded that our prior decision in *United States v. Bogle*, 717 F.3d 281 (2d Cir. 2013), which held that § 922(g)(1) is facially constitutional, survived the Supreme Court's decision in *Bruen*. Indeed, we subsequently addressed that precise issue in *Zherka v. Bondi*, 140 F.4th 68, 74–75 (2d Cir. 2025), and affirmed that our holding in *Bogle* remains good law under the *Bruen* framework. To the extent that the counseled motion also reasserted Hendrix's prior *pro se* arguments regarding the purported involuntariness of the plea, the district court did not abuse its discretion in again rejecting those

8

arguments. For example, although the counseled motion asserted that Hendrix "did not understand the nature of the charges" or the plea agreement, App'x at 421, those assertions were again contradicted by his sworn statements during the guilty plea proceeding. In particular, at that proceeding, the district court confirmed with Hendrix that he had discussed with his attorneys "the charge against [him], [his] rights, the proposed plea agreement, and [his] options." *Id.* at 246; *see also id*. at 247 (summarizing of the charge by the district court). Hendrix further confirmed to the district court that he was satisfied with the legal advice that he had received from his attorneys. Later in the proceeding, Hendrix stated that, before he signed the plea agreement, he read it, discussed it with his attorneys, and understood and agreed with everything in it. Moreover, in response to the district court's questions, Hendrix stated that he had no questions about the agreement and did not need any additional time to discuss it with his attorneys. In sum, given that these sworn statements at the guilty plea proceeding contradicted Hendrix's claims of involuntariness in his motion, we again discern no basis to disturb the district court's rejection of these claims in the second motion.[4]

In No. 24-2167, challenging the judgment that he violated a supervised release condition, Hendrix makes no arguments other than those with which he challenged the judgment convicting him of possession of firearms as a convicted felon, which we find meritless for the reasons discussed above.

*         *         *

---

[4] We are similarly unpersuaded by Hendrix's argument that the district court erred in failing to hold an evidentiary hearing on his motions. We have explained that a defendant "must present some significant questions concerning the voluntariness or general validity of the plea to justify an evidentiary hearing." *Gonzalez*, 970 F.2d at 1100. Here, for the reasons discussed above, the questions that Hendrix raised regarding the voluntariness and general validity of his guilty plea were not significant, and the district court reasonably determined that an evidentiary hearing was unwarranted.

We have considered Hendrix's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the district court's judgments.[5]

<div style="margin-left: 45%;">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

</div>

---

[5] Because we have rejected Hendrix's various challenges on appeal and affirm the judgments, we need not address his argument that the case should be re-assigned to a different judge if the case were remanded.