25-228-cr
*United States v. Gary*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of April, two thousand twenty-six.

PRESENT:
JOSÉ A. CABRANES,
JOSEPH F. BIANCO,
WILLIAM J. NARDINI,
*Circuit Judges*.

---

UNITED STATES OF AMERICA,

*Appellee*,

v. 25-228-cr

SHAQUIL GARY,

*Defendant-Appellant*.

---

| | |
|---|---|
| FOR APPELLEE: | Robert S. Dearington and Conor M. Reardon, Assistant United States Attorneys, *for* David X. Sullivan, United States Attorney for the District of Connecticut, New Haven, Connecticut. |
| FOR DEFENDANT-APPELLANT: | Leslie A. Cahill and Stephen V. Manning, Spears Manning & Martini LLC, Southport, Connecticut. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on January 30, 2025, is **AFFIRMED**.

Defendant-Appellant Shaquil Gary appeals from the district court's judgment of conviction, following a guilty plea, to one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Gary principally to 66 months' imprisonment, to be followed by a three-year term of supervised release. On appeal, Gary contends that Section 922(g)(1) is unconstitutional, facially and as applied to him, in light of the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022).[1] We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

In *Zherka v. Bondi*, 140 F.4th 68 (2d Cir. 2025), we held that "Section 922(g)(1) is a 'constitutional restriction on the Second Amendment rights of convicted felons.'" *Id.* at 74–75 (quoting *United States v. Bogle*, 717 F.3d 281, 281–82 (2d Cir. 2013)). In doing so, we explained that our Nation's historical tradition of firearm regulation evinces that Congress has the "legislative power, consistent with the Second Amendment, to disarm categories of persons presumed to be dangerous." *Id.* at 90.

Gary contends that our holding in *Zherka* was erroneous. However, we are "bound by prior decisions of this [C]ourt unless and until the precedents established therein are reversed *en banc*

---

[1] Gary pled guilty pursuant to a conditional plea agreement that preserved his ability to appeal the district court's denial of his motion to dismiss the indictment on the ground that Section 922(g)(1) violates the Second Amendment.

or by the Supreme Court." *United States v. Jass*, 569 F.3d 47, 58 (2d Cir. 2009). Indeed, because Gary's constitutional challenge to his conviction under Section 922(g)(1) is foreclosed by our binding precedent, he notes in his brief that he "brings the instant appeal to preserve his rights in the event that *Zherka* is overturned, or the Supreme Court otherwise holds that Section 922(g)(1) is unconstitutional." Appellant's Br. at 9.

*      *      *

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court